STATE OF NORTH CAROLINA v. JAMES HUBERT WYATT AND DOUGLAS ANDERSON

No. 7023SC493

(Filed 16 September 1970)

1. Forgery § 2— consolidation of prosecutions

Trial judge properly acted within his discretion when he consolidated for trial two indictments charging one defendant with the forgery of checks and with the uttering of the same forged checks, and two indictments jointly charging defendant and a co-defendant with forgery and with uttering forged checks.

2. Forgery § 2— prosecution — sufficiency of evidence

In a prosecution charging defendant with forgery and with uttering forged checks, the issue of defendant's guilt was properly submitted to the jury, where the State's evidence would permit a jury to find (1) a false writing of each of the four checks described in the indictments; (2) an intent to defraud on the part of defendant, who

falsely made each of the checks; and (3) each check as made was apparently capable of defrauding.

**3. Forgery § 1— uttering forged instrument — definition**

Uttering a forged instrument consists in offering to another the forged instrument with knowledge of the falsity of the writing and with intent to defraud.

**4. Forgery § 2— uttering forged check — sufficiency of evidence**

Evidence in this case *held* insufficient to sustain a conviction of uttering forged check.

APPEAL by defendants from *Beal, J.,* April 1970 Session of WILKES Superior Court.

Defendant James Hubert Wyatt (Wyatt) was charged in four bills of indictment, each containing two counts: first, charging that he forged a particularly described check, and second charging that he uttered the same forged check knowing it to have been forged. In two of the bills defendant Douglas Anderson (Anderson) was jointly charged with Wyatt on both counts. (Other persons were jointly charged with Wyatt on both counts in the other two bills, but the charges against such other persons are not involved on this appeal.) Each of the four checks which were separately described in the four bills of indictment was purportedly drawn on the account of City Body Shop in the Northwestern Bank, North Wilkesboro, N. C., and each purported to bear the signature of Foy Raymer.

On motion of the solicitor and over objection of defendants all charges were consolidated for trial. Both defendants pleaded not guilty. The State offered evidence tending to show: Foy Raymer runs the City Body Shop in North Wilkesboro. On or just prior to 17 October 1969 his place of business was broken into and 14 checks, including the four checks described in the four bills of indictment, were taken from his checkbook. Mr. Raymer did not sign any of the four checks and did not authorize anyone else to sign his name thereon, and the name signed on each check is not his signature. Two of the checks were dated 16 October 1969 and two were dated 17 October 1969. Two of the checks were cashed at the Eagle Store in North Wilkesboro and one at Smithey's Supermarket. A handwriting expert testified that in his opinion Wyatt made all of the writing on the face of all four checks and Anderson made the endorsement appearing on the back of one of the checks.

At the conclusion of the State's evidence, the court dismissed as to Wyatt the second count, which charged the offense of uttering a forged instrument, in each of the four bills of indictment, and dismissed as to Anderson the first count, which charged the offense of forgery, in each of the two bills in which he was named. The case was submitted to the jury on the issues of Wyatt's guilt or innocence of four charges of forgery and of Anderson's guilt or innocence of two charges of uttering a forged instrument. The jury found Wyatt guilty on the charges of forgery as contained in all four bills of indictment and found Anderson not guilty on the charge of uttering a forged instrument as contained in one of the bills of indictment in which he was named and found him guilty of uttering a forged instrument as contained in the remaining bill of indictment in which he was named. From judgment on the verdict imposing prison sentences, both defendants appealed.

*Attorney General Robert Morgan and Staff Attorney Roy A. Giles, Jr., for the State.*

*Jerry D. Moore for defendant appellant James Hubert Wyatt.*

*Julius A. Rousseau, Jr., for defendant appellant Douglas Anderson.*

PARKER, J.

### WYATT'S APPEAL

[1] Appellant Wyatt first assigns as error the trial court's consolidation of the cases for purposes of trial. Under the circumstances disclosed by the record before us consolidation was a matter for the sound discretion of the trial court. There is no showing that the joint trial has deprived appellant in any way of a fair trial, and the exercise of the court's discretion will not be disturbed upon this appeal. *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492.

[2] The only remaining assignment of error brought forward in the brief of appellant Wyatt is that the court erred in overruling his motion for nonsuit. There is no merit in this assignment of error. Considering the State's evidence in the light most favorable to it and giving to the State the benefit of every reasonable inference to be drawn therefrom, the State's evidence was amply sufficient to permit a jury to find (1) a false writing of each of the four checks described in the first count of each of

the four bills of indictment; (2) an intent to defraud on the part of defendant Wyatt who falsely made each of said checks; and (3) each check as made was apparently capable of defrauding. These are the three essential elements necessary to constitute the crime of forgery. *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22. On Wyatt's appeal we find no error.

## ANDERSON'S APPEAL

[3] Appellant Anderson assigns as error the overruling of his motion for nonsuit. This assignment of error must be sustained. The charges of forgery against Anderson were dismissed by the court and the State's case against him was submitted to the jury on two counts, each of which charged that he committed the offense of uttering a forged check knowing it to have been forged. As to one of these the jury found him not guilty, and on this appeal we are concerned only with the remaining charge of uttering on which he was found guilty and on which sentence was imposed.

[4] Uttering a forged instrument consists in offering to another the forged instrument with knowledge of the falsity of the writing and with intent to defraud. *State v. Greenlee, supra.* With reference to the particular check which the jury found Anderson guilty of uttering, the only evidence offered by the State to indicate what had occurred was the testimony of the Police Chief of North Wilkesboro that he had first seen the check in the week of 20 October "(u)p at the Discount House on 421." There was no evidence to indicate how the check reached the Discount House. There was no evidence from which the jury could find that Anderson had ever offered the check to anyone. His motion for nonsuit as to the charge of uttering this check should have been sustained.

The result is:

As to defendant Wyatt, we find no error.

As to defendant Anderson, the judgment is reversed.

MALLARD, C.J., and HEDRICK, J., concur.