STATE OF NORTH CAROLINA v. HAROLD RAY GREENE

No. 7125SC536

(Filed 17 November 1971)

1. Criminal Law § 58; Constitutional Law § 33— evidence of handwriting — self-incrimination

A handwriting sample taken from defendant after his arrest for forgery is admissible in evidence without violating defendant's Fifth Amendment privilege against self-incrimination.

2. Forgery § 1— element of intent to defraud

Intent to defraud is an essential element of the crime of forgery. G.S. 14-119.

3. Forgery § 2— forgery of checks — evidence of intent to defraud

In a prosecution charging defendant with the forgery of checks, the State offered sufficient evidence to support a jury finding that the defendant made the checks with the requisite intent to defraud.

APPEAL by defendant from *Friday, Judge,* 8 February 1971 Session of Superior Court held in CATAWBA County.

Defendant Harold Ray Greene was charged in two bills of indictment, proper in form, with forging and uttering two checks, in violation of G.S. 14-119 and 14-120. The defendant pleaded not guilty.

The State offered evidence tending to show that approximately 90 checks and a check-writing machine were stolen from Building Specialties Company, Hickory, North Carolina.

Alva Gene Hines, whose purported signature appeared on the two checks in question, testified that the checks had been prepared by use of the stolen check-writing machine, and that he had not signed the checks or given anyone authority to sign his name on the checks. One of the checks was cashed at Belk's in Hickory by a man identified as Jimmy Gray; the other was cashed at Sky City Discount Center in Hickory by an unidentified party.

An expert in handwriting analysis, who compared the handwriting on the checks with a handwriting sample taken from the defendant after his arrest, testified that in his opinion the checks and the handwriting sample were prepared by the same writer.

At the close of the State's evidence, the court allowed the defendant's motion for judgment as of nonsuit on the counts charging him with uttering forged checks. The defendant offered no evidence. The jury found the defendant guilty of forgery in each indictment and from judgments imposing prison sentences, the defendant appealed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Associate Attorney Louis W. Payne, Jr., for the State.*

*Kenneth D. Thomas for defendant appellant.*

HEDRICK, Judge.

[1] By appropriate assignments of error the defendant contends that the evidence of the expert in handwriting analysis was inadmissible because the samples of handwriting were taken from the defendant in violation of his Fifth Amendment privilege against self-incrimination.

Handwriting samples, blood samples, fingerprints, clothing, hair, voice demonstrations, even the body itself, are identifying physical characteristics and are outside the protection of the Fifth Amendment privilege against self-incrimination. *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581 (1968); *State v. Bryant,* 5 N.C. App. 21, 167 S.E. 2d 841 (1969); *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376, Cert. den. 393 U.S. 1087 (1968). These assignments of error are overruled.

**[2, 3]** Defendant next assigns as error the court's denial of his motion for judgment as of nonsuit on the counts charging him with forging checks. Defendant contends that the State failed to offer any evidence from which the jury could find beyond a reasonable doubt that the checks were made with intent to defraud. Intent to defraud is an essential element of the crime of forgery. G.S. 14-119; *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22 (1968). "Intent is a mental attitude which seldom can be proved by direct evidence, but must ordinarily be proved by circumstances from which it can be inferred. 2 Strong, N.C. Index 2d, Criminal Law, § 2, p. 481. And in determining the presence or absence of the element of intent the jury may consider the acts and conduct of defendant and the general circumstances existing at the time of the alleged commission of the offense charged. *State v. Arnold,* 264 N.C. 348, 141 S.E. 2d 473." *State v. Kendrick,* 9 N.C. App. 688, 177 S.E. 2d 345 (1970).

In the instant case evidence that 90 checks and a check-writing machine were stolen from Building Specialties Company; that the defendant forged the signature of Alva Gene Hines on the two Building Specialties Company checks; that the stolen check-writing machine was used to write the forged checks; that the checks had the capability of defrauding, and were actually used to defraud, are all circumstances from which the jury could find beyond a reasonable doubt that the defendant forged the checks with intent to injure and defraud Building Specialties Company. *State v. Wyatt,* 9 N.C. App. 420, 176 S.E. 2d 386 (1970). This assignment of error is overruled.

Finally, defendant contends that the trial court committed error in charging the jury on the element of fraudulent intent. This contention is without merit. We think the charge, when read as a whole, is correct and free from prejudicial error.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.