State v. Valentine

STATE OF NORTH CAROLINA v. ROBERT LEE VALENTINE

No. 7421SC78

(Filed 20 February 1974)

1. **Narcotics § 4— possession of heroin in motel room — sufficiency of evidence**

   The State's evidence was sufficient for the jury in a prosecution for possession of heroin found in a motel room where it tended to show that the heroin was found next to a bed on which defendant was lying in the motel room, the room was registered in defendant's name, the registration card contained defendant's driver's license number, and another occupant of the room stated he was staying there with defendant.

2. **Narcotics § 3— heroin in motel room — testimony that room was defendant's**

   Error, if any, in the admission of an officer's testimony that the motel room in which heroin was found was defendant's room was cured when the motel manager testified that her business records showed the room was registered to defendant.

3. **Constitutional Law § 33; Criminal Law § 58— self-incrimination — handwriting sample**

   Defendant's privilege against self-incrimination was not violated when the State was allowed to obtain defendant's signature in court for the purpose of comparing it with the signature on a motel registration card.

4. **Criminal Law § 58— handwriting comparisons by defendant — prejudice to State**

   Admission of testimony by defendant regarding differences between a signature sample given by defendant in court and the alleged signature of defendant on a motel registration card, if erroneous, was prejudicial to the State and not to defendant.

APPEAL by defendant from *McLelland, Judge,* 11 June 1973 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals 15 January 1974.

Defendant was charged in a bill of indictment with possession of heroin and charged in a warrant with possession of marijuana.

The State's evidence tended to show that on 5 January 1973, four members of the Winston-Salem Police Department entered Room 203 of the Winkler Motel in Winston-Salem, armed with a search warrant. Upon entering the room registered in defendant's name, the policemen found the defendant, along with one Curt Wiley, and one Donald Wallace. Defendant, who

was lying upon a bed when the officers entered, was asked to stand. A foil packet of heroin was discovered adjacent to the bed, between defendant and the wall. Remains of marijuana were found in an ashtray within the room.

The defendant's evidence tended to show that in December 1972 he saw Curt Wiley (Wiley) at the home of Donald Wallace; that defendant loaned Wiley his mother's car; that Wiley possibly had access to defendant's driver's license; that defendant had never registered at the Winkler Motel; and that the signature on the motel registration was similar to defendant's, but contained a number of discrepancies.

The jury found defendant not guilty of possession of marijuana, but guilty of possession of heroin. Defendant appealed.

*Attorney General Morgan, by Associate Attorney Raney, for the State.*

*R. Lewis Ray for the defendant.*

BROCK, Chief Judge.

[1] Defendant contends that the trial court committed error in denying defendant's motion for nonsuit at the close of State's evidence and at the conclusion of all the evidence. Defendant contends that the evidence was insufficient to carry the case to the jury.

"Motion to nonsuit requires the trial court to consider the evidence in its light most favorable to the State, take it as true, and give the State the benefit of every reasonable inference to be drawn therefrom. (Citations omitted.) Regardless of whether the evidence is direct, circumstantial, or both, if there is evidence from which a jury could find that the offense charged has been committed and that defendant committed it, the motion to nonsuit should be overruled. *State v. Norggins,* 215 N.C. 220, 1 S.E. 2d 533." *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469.

The evidence presented by the State placed the heroin within a foot of where the defendant was standing; the motel room was registered in defendant's name; the registration card contained the defendant's driver's license number; and another occupant of the room had stated he was staying there with defendant.

This assignment of error is overruled.

[2] Defendant argues that the trial court erred in allowing Officer Kavenaugh to ·testify, over defendant's objection, that Room 203 of the Winkler Motor Lodge was defendant's room.

The testimony of Officer Kavenaugh was· based upon his knowledge gathered by his surveillance beginning 4 January 1973, and his subsequent entry with other officers into Room 203 on 5 January 1973.

Ann Mennick, manager of the Winkler Motor Lodge on 5 January 1973, testified that defendant, according to business records, was the person registered in Room 203 on 4 January 1973 and 5 January 1973.

Even if Officer Kavenaugh's testimony was error, it was harmless, technical error, cured by testimony to the same effect by a subsequent witness. This assignment of error is overruled.

[3] Defendant contends that the trial court committed error in allowing the State to obtain defendant's signature, and in allowing the defendant to testify as to the differences in handwriting between the alleged signature of defendant on the registration card and the signature sample given in court.

"Handwriting samples, blood samples, fingerprints, clothing, hair, voice demonstrations, even the body itself, are identifying physical characteristics and are outside the protection of the Fifth Amendment privilege against self incrimination. (Citations omitted.)" *State v. Greene,* 12 N.C. App. 687, 184 S.E. 2d 523.

[4] As to the testimony of defendant regarding the differences in the two signatures, if this is error, it is prejudicial to the State and not the defendant. In order to entitle defendant to a new trial, the error complained of must be prejudicial to him. The defendant will not be granted a new trial upon error prejudicial to the State. *See* 3 Strong, N. C. Index 2d, Criminal Law, § 167. This assignment of error is overruled.

In our opinion the defendant received a fair trial, free from prejudicial error.

No error.

Judges MORRIS and CARSON concur.