STATE OF NORTH CAROLINA v. JAMES KENT HARTMAN

No. 8728SC1227

(Filed 31 May 1988)

1. **Criminal Law § 76.10— defendant's out-of-court statements—failure to raise question of lawfulness of defendant's arrest—question not considered on appeal**

   Where trial counsel argued four contentions concerning the voluntariness of defendant's out-of-court statements but did not attack the admission of the statements on the ground that defendant was unlawfully arrested, defendant could not properly raise the question before the court on appeal.

2. **Rape and Allied Offenses § 5— attempted second degree rape—second degree sexual offense—sufficiency of evidence**

   In a prosecution for attempted second degree rape and second degree sexual offense, evidence was sufficient to be submitted to the jury, though the victim initially identified another person as her assailant and never identified defendant as her assailant, where defendant's own statements placed him at a package store which was the crime scene, in the cooler with a woman, and in a truck as it left the package store; defendant's appearance was consistent with the general descriptions given by the victim and a store customer; defendant altered his appearance immediately after the incident; and defendant left the state when an investigator attempted to contact him and initially told the investigator that he had walked home after his car had broken down.

3. **Rape and Allied Offenses § 4— person identified by victim as assailant—charges dropped—evidence admissible**

   There was no plain error in the trial court's allowing an investigator to testify that charges against the person originally identified by the victim as her assailant had been dropped.

ON writ of certiorari to review the judgment of *Ferrell,* *Judge.* Judgments entered 1 June 1981 in Superior Court, BUN-COMBE County. Heard in the Court of Appeals 13 April 1988.

Defendant was charged in proper bills of indictment with attempted second degree rape in violation of G.S. 14-27.3 and second degree sexual offense in violation of G.S. 14-27.5. Evidence presented at trial tended to show the following facts.

On 3 July 1980, the victim was working at the Last Chance Package Store in Buncombe County. At approximately 10:00 p.m. a man entered the store, walked to the back of the store and left. He reentered the store, spoke to a customer and again left. He entered a third time and asked the victim to retrieve some wine from the cooler. As the victim opened the cooler, the man pushed

her inside, shoved her to the floor and fondled her. The assailant apparently heard something, told the victim to stay put and left the cooler. The victim heard the front doorbell and got up to leave the cooler. However, the assailant returned, shoved her to the floor and began to remove her clothing. He forced her to perform fellatio and then attempted to engage in intercourse but failed. The assailant left and the victim waited about a minute, left the cooler and asked some customers in the store for help. The victim described the assailant as about six feet tall with shoulder length blond hair and a full beard and mustache. She described his clothing as wet and dirty blue jeans and a brown t-shirt.

On 24 July 1980, Investigator Margaret Mull of the Buncombe County Sheriff's office showed the victim a photographic lineup. The victim identified the photograph of Michael Morgan as her assailant. The victim never identified defendant as the assailant, but she stated at trial that she had doubts that Michael Morgan was the assailant.

Eddie Putnam and three other men had been drinking and were at the Last Chance Package Store the same evening. When Putnam and his friends drove up in a truck, a man with long hair and a beard in wet and dirty clothes asked for a ride. Putnam and his friends made some purchases and left the store. The man came out of the store, said he wanted to look for some wine and went back inside the store two times. After approximately five or ten minutes, Putnam went back into the store for some cigarettes and told the man to "come on." The man got into the back of the truck and they all left. Putnam and his friends dropped the man off near I-74 which was close to defendant's home. Putnam was unable to identify the rider.

David Raley was also at the package store that evening. He testified that Michael Morgan came back from the cooler and walked out of the store shortly before the victim came out of the cooler asking for help. Raley saw Putnam's truck leave the parking lot with a rider in the back.

Investigator Mull arrested Michael Morgan after he was identified by the victim and Raley. The charges against Morgan were later dropped and defendant was arrested in Colorado.

State v. Hartman

On 31 March 1981, Investigator Mull interviewed defendant in Colorado. Defendant told Mull that on 3 July 1980 his car had broken down after a picnic and he had walked home. The next day defendant gave a written statement in which he stated:

> On or about the 3rd of July, 1980 I was intoxicated and involved in the following incidents as follows. After attending a Fourth of July party which was held at Sandy Bottoms Park, I was highly incapacitated by the influence of intoxicating liquors and marijuana and was traveling in my automobile, when suddenly I found I had blacked out or something of the sort and ran off a turn that I was intending to make. When I became aware that I had missed the road and was sitting in someone's yard, I was startled again, so I to no avail tried to get my auto out but kept hitting trees that I couldn't even see. When I couldn't get it out, I opened the door and ran, not really knowing where to. Then once again I found myself shocked at not knowing what I was doing, leaving a store where I had been with a lady in some type of cooler. After leaving the store, I caught a ride and ended up pretty close to my home that was at that time in Gerton, North Carolina.

On 3 July 1980, defendant had long hair and a beard and when he reported for work after the July 4th holiday, he had cut his hair and shaved his beard. The package store was .35 miles from the site of defendant's accident and there is a creek between the accident site and the store. Investigator Mull first attempted to contact defendant about the case on 22 July 1980. Defendant's last day of work was 22 July 1980 and he gave no notice of quitting.

The jury found defendant guilty of both offenses and he was sentenced to a 10-year term of imprisonment for attempted second degree rape and an 18 to 24-year term of imprisonment for second degree sexual offense. Defendant was not advised of his right to appeal and this Court allowed his petition for writ of certiorari on 24 June 1987.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Barbara A. Shaw, for the State.*

*James R. Parish for defendant appellant.*

ARNOLD, Judge.

[1]   Defendant first contends that the trial court erred in failing to suppress his out-of-court statements. Defense counsel argued four contentions concerning the voluntariness of the statements but did not attack the admission of the statements on the ground that defendant was unlawfully arrested. The trial court concluded that defendant's statements were given voluntarily and freely, and the statements were admitted at trial.

In *State v. Hunter*, 305 N.C. 106, 286 S.E. 2d 535 (1982), our Supreme Court addressed an almost identical issue. The defendant in *Hunter* generally attacked the voluntariness of his confession at the voir dire hearing and failed to raise a fourth amendment challenge to his arrest. The defendant first raised the issue on appeal and the Court held that it was not timely raised. The Court stated:

> [w]hen a confession is challenged on other grounds which are not clearly brought to the attention of the trial judge, a specific objection or explanation pointing out the reason for the objection or motion to suppress is necessary. In order to clarify any misunderstanding about the duty of counsel in these matters, we specifically hold that when there is an objection to the admission of a confession or a motion to suppress a confession, counsel must specifically state to the court before voir dire evidence is received the basis for his motion to suppress or for his objection to the admission of the evidence.

*Id.* at 112, 286 S.E. 2d at 539 (citations omitted).

In the case *sub judice*, defendant failed to raise the issue of his alleged unlawful arrest in a timely manner. Therefore, the question is not properly before this Court.

[2]   Defendant next contends that the trial court erred in failing to dismiss the charges against him because the evidence was insufficient. We do not agree.

> In ruling on a motion to dismiss the trial court is to consider the evidence in the light most favorable to the State. In so doing, the State is entitled to every reasonable intendment and every reasonable inference to be drawn from the

evidence; contradictions and discrepancies do not warrant dismissal of the case—they are for the jury to resolve.

*State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E. 2d 649, 652-53 (1982) (citations omitted).

Defendants' own statements in the present case place him at the Last Chance Package Store, in the cooler with a woman, and in the truck. His appearance was consistent with the general descriptions given by the victim and Eddie Putnam. The fact that defendant altered his appearance immediately after the incident, left the state when Investigator Mull attempted to contact him and initially told Mull that he had walked home after his car had broken down is also evidence against defendant. The trial court did not err in refusing to dismiss the charges against defendant.

[3] Defendant finally contends that the trial court committed plain error in allowing Investigator Mull to testify that the charges against Michael Morgan had been dismissed. We disagree.

Defendant failed to object to the admission of the testimony at trial. A failure to except or object to errors at trial constitutes a waiver of the right to assert the alleged error on appeal. *State v. Oliver*, 309 N.C. 326, 307 S.E. 2d 304 (1983). Our Supreme Court has indicated, however, that on rare occasions the "plain error" rule first announced in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), may allow a party relief even though no objection was made. *State v. Mitchell*, 317 N.C. 661, 346 S.E. 2d 458 (1986). Before relief will be granted under the "plain error" rule,

> the appellate court must be convinced that absent the error the jury probably would have reached a different verdict. In other words, the appellate court must determine that the error in question "tilted the scales" and caused the jury to reach its verdict convicting the defendant. Therefore, the test for "plain error" places a much heavier burden upon the defendant than that imposed by N.C.G.S. § 15A-1443 upon defendants who have preserved their rights by timely objection. This is so in part at least because the defendant could have prevented any error by making a timely objection.

*State v. Walker*, 316 N.C. 33, 39, 340 S.E. 2d 80, 83 (1986) (citations omitted).

We are not convinced that Investigator Mull's testimony concerning the dismissal of the charges against Michael Morgan "tilted the scales" and caused the jury to reach its verdicts of guilty. Thus, we find no plain error.

Defendant had a fair trial, free of prejudicial error.

No error.

Judges ORR and GREENE concur.