STATE OF NORTH CAROLINA v. ROBERT J. PETRICK

No. COA07-86

(Filed 6 November 2007)

**1. Criminal Law— pro se representation—appropriate safeguards**

The trial court did not err by allowing defendant to represent himself pro se. The trial court engaged in the appropriate statutory inquiry and safeguards for defendant's election to proceed pro se.

**2. Appeal and Error— preservation of issues—objection not renewed—plain error not argued**

An assignment of error concerning cadaver dog evidence was dismissed due to defendant's failure to properly preserve and present it or to request plain error review.

**3. Evidence— hearsay—murder victim's statements—present sense impressions**

There was no plain error in a murder prosecution in the admission of testimony about a murder victim's statements concerning her financial situation and that defendant had choked her after she had confronted him about their finances. This was the victim's present sense impression; there is not a rigid rule about the timing of "immediately thereafter."

**4. Evidence— hearsay—murder victim's statements—relevant to relationship with defendant and state of mind**

The trial court did not abuse its discretion in a murder prosecution by admitting testimony about a murder victim's statements. The statements were not offered to prove the truth of the

matter, but were relevant to the victim's relationship with defendant, defendant's motive, and the victim's state of mind.

**5. Evidence— prior crimes or bad acts—relevancy to motive**

The trial court properly admitted evidence in a murder prosecution about defendant's prior acts of dishonesty and bad character. The evidence tended to show defendant's motive, intent, preparation, plan, absence of mistake, and knowledge. The relevancy outweighs the risk of prejudice.

**6. Criminal Law— breakdown of adversarial process—pro se defendant**

An assignment of error to the breakdown of the adversarial process by a defendant who represented himself was overruled. A defendant who represents himself cannot complain that the quality of his defense amounts to ineffective assistance of counsel.

Appeal by defendant from judgment entered 29 November 2005 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 10 October 2007.

*Attorney General Roy Cooper, by Assistant Attorney General John G. Barnwell and Assistant Attorney General Daniel P. O'Brien, for the State.*

*Mark Montgomery, for defendant-appellant.*

TYSON, Judge.

Robert J. Petrick ("defendant") appeals from judgment entered after a jury found him to be guilty of first-degree murder pursuant N.C. Gen. Stat. § 14-17. We find no error.

## I. Background

On 22 January 2003, defendant reported his wife, Janine Sutphen ("the victim"), to be missing after she failed to return home from a practice with the North Carolina Symphony. Officers found the victim's car parked in a parking deck located across the street from where the North Carolina Symphony had practiced. No signs of a struggle were apparent inside or around the victim's car.

Four months later, on 29 May 2003, the victim's body floated to the surface of Falls Lake wrapped in a sleeping bag and a tarp and

sealed with duct tape. Chains were wrapped around the victim's legs and her body was identified from dental records.

Defendant was arrested on 30 May 2003. Mark Edwards, Esq. ("Attorney Edwards") was appointed to represent defendant. Defendant was indicted for the victim's murder on 2 June 2003. On 20 September 2004, defendant was also indicted as attaining habitual felon status based upon three prior felony convictions in the State of Illinois. On 14 June 2005, defendant moved to dismiss Attorney Edwards and for the appointment of new counsel. The trial court allowed defendant to proceed *pro se* and ordered Attorney Edwards to remain available as standby counsel.

On 11 October 2005, defendant waived his right to all assistance of counsel and stated he desired to represent himself and appear on his own behalf for trial. Defendant's non-capital trial began on 31 October 2005. On 29 November 2005, a jury returned a verdict finding defendant to be guilty of first-degree murder. The trial court sentenced defendant to life imprisonment without parole. Defendant appeals.

## II.  Issues

Defendant argues the trial court erred by: (1) allowing him to represent himself; (2) admitting evidence concerning certain behaviors of a cadaver dog; (3) admitting statements concerning his attacks on the victim and his and the victim's financial problems; and (4) admitting his prior crimes, wrongs, or acts into evidence. Defendant also argues that a breakdown occurred in the adversarial process and he is entitled to a new trial.

## III.  Waiver of Counsel

[1] Defendant argues the trial court erred by allowing him to represent himself *pro se* at his trial and contends the trial court should have presented him with three options: (1) proceed with appointed counsel; (2) represent himself *pro se*; or (3) continue with appointed counsel, who was to defer to defendant's wishes when he and counsel conflicted on trial strategy. We disagree.

> A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (2005). This statutory inquiry is required in every case where a defendant elects to represent himself without the assistance of counsel. *State v. White*, 78 N.C. App. 741, 746, 338 S.E.2d 614, 617 (1986).

In *State v. Hoover*, this Court held the trial court did not err in allowing the defendant to waive his right to counsel and permitting defendant to represent himself where the record showed the trial court fully complied with the requirements and stipulations of N.C. Gen. Stat. § 15A-1242 before defendant was allowed to waive his right to counsel. 174 N.C. App. 596, 600, 621 S.E.2d 303, 306 (2005), *cert. denied*, 360 N.C. 488, 632 S.E.2d 766, *appeal dismissed*, 360 N.C. 540, 634 S.E.2d 543 (2006).

Defendant filed a written motion to dismiss Attorney Edwards as his appointed counsel and stated his relationship with Edwards had "degenerate[d] past repair to a degree prejudicial to the conduct of the case for the defense." At the hearing on the motion, defendant stated, "I would prefer to attempt to represent myself *pro se* at this point, Your Honor. I understand the caution and that's the route I choose to go." The trial judge expressed hesitation, but allowed defendant to proceed *pro se* and ordered Attorney Edwards to remain as standby counsel. Defendant signed a waiver of right to counsel.

The trial court stated after defendant signed the waiver that it found defendant understood the nature of the charges, proceedings, and range of permissible punishments. Defendant reminded the trial judge to be sure that the trial court was satisfied that he had such understanding. The trial court again reviewed the charges and possible punishments with defendant.

On 11 October 2005, the trial court again apprised defendant of his rights to court-appointed counsel, self-representation, or hired counsel. The trial court detailed each sentence and punishment de-

fendant could receive and received assurances from him that he understood all possible scenarios. Defendant signed another waiver of his right to counsel.

On two separate occasions prior to defendant's jury trial beginning on 31 October 2005, defendant waived his right to counsel. The trial court in both instances engaged in and applied the appropriate statutory inquiry and safeguards to defendant's election to proceed *pro se. Id.* This assignment of error is overruled.

## IV. Cadaver Dog Evidence

**[2]** Defendant argues the trial court erred by allowing a cadaver dog handler to testify concerning the significance of various behaviors displayed by the dog. We dismiss this assignment of error.

### A. Standard of Review

If alleged error is properly preserved at trial, we review evidentiary rulings for an abuse of discretion. *State v. Boston,* 165 N.C. App. 214, 218, 598 S.E.2d 163, 166 (2004). "A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *State v. Wilson,* 313 N.C. 516, 538, 330 S.E.2d 450, 465 (1985) (citing *White v. White,* 312 N.C. 770, 324 S.E.2d 829 (1985)).

> In criminal cases, a question which was not preserved by objection noted at trial and which is not deemed preserved by rule or law without any such action, nevertheless may be made the basis of an assignment of error where the judicial action questioned is specifically and distinctly contended to amount to plain error.

N.C.R. App. P. 10(c)(4) (2007). Plain error review applies only to challenges of jury instructions and to evidentiary matters. *State v. Wiley,* 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002), *cert. denied,* 537 U.S. 1117, 154 L. Ed. 2d 795 (2003); *State v. Cummings,* 352 N.C. 600, 613, 536 S.E.2d 36, 47 (2000), *cert. denied,* 532 U.S. 997, 149 L. Ed. 2d 641 (2001). Under plain error analysis, "the appellate court must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Hartman,* 90 N.C. App. 379, 383, 368 S.E.2d 396, 399 (1988) (citing *State v. Walker,* 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986)).

### B. Analysis

Defendant objected to the introduction of evidence from the cadaver dog by pretrial motion, but failed to preserve the issue by

renewing his objection when the evidence was presented at trial. Defendant, in his brief and at oral argument, failed to "specifically and distinctly contend[]" the admission of this evidence "amount[ed] to plain error." N.C.R. App. P. 10(c)(4). This assignment of error is dismissed due to defendant's failure to properly preserve and present it or to request and argue for plain error review. *State v. Washington*, 134 N.C. App. 479, 485, 518 S.E.2d 14, 17 (1999).

## V. Hearsay

**[3]** Defendant argues the trial court erred in allowing witnesses to testify to statements the victim allegedly made to them. We disagree.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c) (2005). "Hearsay is not admissible except as provided by statute or by these rules." N.C. Gen. Stat. § 8C-1, Rule 802 (2005).

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> (1) Present Sense Impression.—A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
>
> . . . .
>
> (3) Then Existing Mental, Emotional, or Physical Condition.—A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition . . . .

N.C. Gen. Stat. § 8C-1, Rule 803 (2005).

### A. Testimony of Margaret Lewis

Defendant failed to object to the testimony of Margaret Lewis ("Lewis") at trial. Defendant argues the admission of her testimony constitutes plain error.

Lewis testified the victim called her at work "crying" and "very upset" and stated that something "very alarming" and "scary" had "just happened." After describing the victim's initial mental state, Lewis testified that the victim explained to her and defendant's financial situation and stated defendant choked her after she had confronted him about their finances. The victim told Lewis the choking incident "really scared" her.

Lewis's testimony consisted of "statement[s], other than one[s] made by the declarant while testifying at [] trial . . . offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801(c). Lewis's hearsay testimony is not excluded by the hearsay rule because the victim's statements were her "present sense impression" of the choking incident. N.C. Gen. Stat. § 8C-1, Rule 803(1) (2005). "There is no rigid rule about how long is too long to be 'immediately thereafter.' " *State v. Clark*, 128 N.C. App. 722, 725, 496 S.E.2d 604, 606 (1998).

### B. Testimony of Donna Putler, Eleanor Hennessey, Cheri Booth, and Ya-Mel Mandeville

**[4]** Defendant objected to the testimony of Donna Putler ("Putler"), Eleanor Hennessey ("Hennessey"), Cheri Booth ("Booth"), and Ya-Mel Mandeville ("Mandeville") at trial. We review the admission of each of these witnesses' testimony for an abuse of discretion.

Putler testified that she had a conversation with the victim concerning "polyamorous" relationships. Statements concerning the victim's belief that polyamorous relationships are "just an excuse [for sex]" are not hearsay. These statements were not offered to prove the truth of the matter asserted. The relevance of Putler's testimony tended to show defendant's motive and outweighs its danger of unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403 (2005; N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005).

Putler also stated the victim had told her she was "deeply concerned" about defendant's and her financial situation. Hennessey testified the victim was "very distraught" after confronting defendant about their financial situation. Hennessey testified the victim called her at work and stated she was afraid that she was going to lose her house and car. The victim told Hennessey she felt "very foolish" about the situation. Booth testified that the victim was "very concerned" about not having enough money to buy groceries.

Hennessey and Mandeville both testified the victim expressed her fears to them toward defendant after incidents of domestic violence had occurred. Hennessey stated the victim was "scared" and "confused" after an incident in which defendant tackled her and tried to crush her with his body. Mandeville testified the victim related an incident where defendant had used a taser on her. Two days after this incident, the victim remained "shocked," "frightened," and "embarrassed" by what defendant had done to her.

"Evidence tending to show the state of mind of the victim is admissible as long as the declarant's state of mind is relevant to the case." *State v. Meekins*, 326 N.C. 689, 695, 392 S.E.2d 346, 349 (1990) (citing *State v. Cummings*, 326 N.C. 298, 389 S.E.2d 66 (1990)). Here, evidence of the victim's state of mind is relevant and bears directly on the victim's relationship with defendant before she was killed and his motive, intent, plan, or absence of mistake or accident in the victim's death. N.C. Gen. Stat. § 8C-1, Rule 404(b); *see State v. Westbrooks*, 345 N.C. 43, 59, 478 S.E.2d 483, 492 (1996). (The trial court properly admitted statements the victim made about his financial and marital problems, as they indicated the victim's "mental condition at the time they were made and were not merely a recitation of facts.")

The trial court neither erred nor abused its discretion by allowing the witnesses to testify to the victim's statements concerning her and defendant's financial situation and defendant's alleged acts of domestic violence against the victim. N.C. Gen. Stat. § 8C-1, Rule 404(b). This assignment of error is overruled.

## VI.  Admission of Defendant's Prior Crimes, Wrongs, or Acts

[5] Defendant argues that the trial court abused its discretion when it overruled his objections to testimony of his prior acts of dishonesty and bad character. Defendant also argues the trial court committed plain error in failing to strike such testimony *ex mero motu*. We disagree.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident.

Here, the State introduced evidence of defendant's financial dealings with other people, depletion of the victim's bank accounts, violent acts toward the victim, and his adulterous relationships. This evidence tended to show defendant's motive, intent, preparation, plan, absence of mistake, and knowledge. N.C. Gen. Stat. § 8C-1, Rule 404(b). The relevancy of this evidence outweighs its danger of unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403. The trial court properly admitted this evidence. This assignment of error is overruled.

## VII.  Breakdown of Adversarial Process

**[6]** Defendant argues that several rulings made by the trial court "sabotaged the adversarial process to the extent that the result of the trial is presumptively unreliable." We disagree.

### A.  Standard of Review

> Matters relating to the actual conduct of a criminal trial are left largely to the sound discretion of the trial judge so long as defendant's rights are scrupulously afforded him. . . . [S]uch discretion is not unlimited and, when abused, is subject to review. To establish that a trial court's exercise of discretion is reversible error, a defendant must show harmful prejudice as well as clear abuse of discretion. A trial court's actions constitute abuse of discretion upon a showing that [the] actions are manifestly unsupported by reason and so arbitrary that [they] could not have been the result of a reasoned decision.

*State v. Williams*, 361 N.C. 78, 80-81, 637 S.E.2d 523, 525 (2006) (internal quotations and citations omitted).

### B.  Analysis

Defendant argues the trial court erred by: (1) denying his motion to be held in the county jail during trial; (2) denying his motions for sanctions against the State for failing to timely provide discovery; (3) denying his motion for prior notice of the order in which the State intended to present its witnesses; (4) requiring him to provide the State with information on the searches he intended to perform on certain computers; and (5) ruling that evidence favorable to him was not necessarily "exculpatory."

In the body of his argument, defendant cites *United States v. Cronic*, 466 U.S. 648, 80 L. Ed. 2d 657 (1984), and *State v. Colbert*, 311 N.C. 283, 316 S.E.2d 79 (1984), for the proposition that the trial court's rulings "sabotaged the adversarial process to the extent that the result of the trial is presumptively unreliable." Both cases cited by defendant deal with claims of ineffective assistance of counsel.

"[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.' " *Faretta v. California*, 422 U.S. 806, 835, n. 46, 45 L. Ed. 2d 562, 581 (1975). Defendant has failed to "show harmful prejudice [to himself] as well as clear abuse of discretion[]"

by the trial court. *Williams*, 361 N.C. at 81, 637 S.E.2d at 525. This assignment of error is overruled.

## VIII. Conclusion

The trial court did not err in allowing defendant to proceed *pro se* with Attorney Edwards as standby counsel after it fully complied with N.C. Gen. Stat. § 15A-1242. Defendant failed to properly preserve and argue the admission of the cadaver dog handler's testimony concerning the dog's behaviors and failed to assert plain error. The trial court neither erred nor abused its discretion by allowing the witnesses to testify about statements the victim had made to them.

Evidence of defendant's prior acts or wrongs was properly admitted to show proof of motive, intent, preparation, plan, absence of mistake, and knowledge by defendant. N.C. Gen. Stat. § 8C-1, Rule 404(b). Defendant failed to show several rulings by the trial court resulted in "harmful prejudice as well as clear abuse of discretion." *Williams*, 361 N.C. at 81, 637 S.E.2d at 525. Defendant received a fair trial, free from the prejudicial errors he preserved, assigned, and argued. Defendant failed to show that, but for any plain errors, "the jury probably would have reached a different verdict." *Hartman*, 90 N.C. App. at 383, 368 S.E.2d at 399. We find no error in the verdict or the judgment entered thereon.

No Error.

Judges McGEE and ELMORE concur.