STATE v. BRUNSON

[221 N.C. App. 614 (2012)]

STATE OF NORTH CAROLINA v. JONATHAN EUGENE BRUNSON

No. COA12-85

(Filed 17 July 2012)

## 1. Appeal and Error—preservation of issues—failure to argue constitutional issue at trial—not proper for plain error review

Defendant failed to preserve for appellate review the argument that his constitutional rights to confrontation, a fair trial, and due process were violated in a child sex offenses case when the trial court failed to conduct an *in camera* review of certain Department of Social Services and medical documents. Defendant failed to request a judicial hearing on this matter and the issue of whether the trial court should have conducted an *in camera* review in this situation was not proper for plain error analysis.

## 2. Constitutional Law—effective assistance of counsel—pro se defendant—no error

Defendant's claim for ineffective assistance of counsel in a child sex offenses case had no merit where defendant dismissed all of his attorneys and chose to represent himself.

## 3. Constitutional Law—due process—probable cause hearing—probable cause established—discovery violation speculative

The trial court in a child sex offenses case did not violate defendant's constitutional rights to due process, a fair trial and confrontation by not holding a probable cause hearing. As defendant was arrested upon warrants and tried upon indictments, probable cause was twice established. Further, defendant's speculative argument regarding potential discovery and impeachment evidence was overruled as defendant failed to show a reasonable possibility that a different result would have been reached in this trial had he been given a preliminary hearing.

## 4. Evidence—witness testimony—no probable impact on jury's finding of guilt

The trial court did not commit plain error in a child sex offense case by allowing the victim's mother to testify that a physician diagnosed her daughter's joint disease as caused by trauma. Assuming *arguendo* that the evidence was inadmissible due to the victim's extensive, detailed testimony regarding the

numerous offenses defendant committed against her, the error did not have a probable impact on the jury's finding that defendant was guilty.

### 5. Sexual Offenses—against child—prosecutor questioning—no limiting instruction requested

Defendant's argument that the trial court erred in a child sex offenses case by allowing the State to question the victim again about the offenses defendant had committed against her was rejected. Defendant did not ask for a limiting instruction and did not argue that the trial court erred in not issuing one.

Appeal by defendant from judgments entered on or about 17 June 2011 by Judge Mary Ann Tally in Superior Court, Cumberland County. Heard in the Court of Appeals 24 May 2012.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Sherri G. Horner, for the State.*

*Marilyn G. Ozer, for defendant-appellant.*

STROUD, Judge.

Defendant appeals judgments convicting him of numerous sexual offenses. For the following reasons, we find no error.

## I. Background

This case involves the long-term sexual abuse of Jane[1] perpetrated by her stepfather, defendant. The State's evidence tended to show that over the course of a few years defendant perpetrated multiple sexual acts upon Jane, his minor stepdaughter, including showing Jane pornography; shaving Jane's pubic hair; attempting to insert objects, his fingers, and his penis into Jane's vagina; encouraging Jane to experiment sexually with another; sending Jane explicit text messages; having Jane perform oral sex on him; and performing oral and anal sex on Jane. In August of 2005, Jane's mother found explicit text messages from defendant to Jane.

After a trial by jury, on or about 17 June 2011, the jury found defendant guilty of attempted statutory rape of a thirteen year old; eight counts of sexual activity by a substitute parent by cunnilingus and fellatio; seven counts of taking indecent liberties with a child; statutory sexual offense of a fourteen year old by cunnilingus, fella-

---

1. A pseudonym will be used to protect the identity of the minor child.

tio, and penetration; four counts of committing a crime against nature by cunnilingus and fellatio; four counts of statutory sexual offense of a fifteen year old by cunnilingus, fellatio, and penetration; and attempted statutory rape of a fifteen year old. The trial court entered judgments on defendant's various offenses. Defendant appeals.

## II. *In Camera* Review

[1] Defendant first contends that his constitutional rights to confrontation, a fair trial, and due process were violated when the trial court failed to conduct an *in camera* review of certain Department of Social Services ("DSS") and medical documents. Defendant directs this Court's attention to *Pennsylvania v. Ritchie* which stated "that [the defendant's] interest . . . in ensuring a fair trial can be protected fully by requiring that the [Children and Youth Services] files be submitted . . . to the trial court for *in camera* review." 480 U.S. 39, 60, 94 L.Ed. 2d 40, 59 (1987).

However, defendant fails to direct this Court's attention to where he preserved this issue for appeal. Defendant instead states that "[t]o the extent this error was not properly preserved, defendant raises it as plain error." However, "[p]lain error analysis applies to evidentiary matters and jury instructions." *State v. Garcell*, 363 N.C. 10, 35, 678 S.E.2d 618, 634, *cert. denied*, ____ U.S. ____, 175 L.Ed. 2d 362 (2009).

Defendant's argument here is not regarding jury instructions or evidentiary matters. Hypothetically, if the trial court had conducted an *in camera* review it *may* have found some "evidence" which was helpful to defendant. However, the issue before us is not regarding what the trial court *may* have discovered, but instead about whether the trial court should have conducted an *in camera* review. Furthermore, defendant's failure to request the trial court to review the documents *in camera* was not an "evidentiary" failure as when a defendant fails to object to inadmissible testimony; rather it is a failure to request a judicial ruling on a matter. Defendant argues only that the trial court failed to review certain documents and that this failure resulted in the possibility that defendant was unaware of material evidence. As this issue does not arise from "evidentiary matters [or] jury instructions[,]" the issue of whether the trial court should have conducted an *in camera* review in this situation is not proper for a plain error analysis. *Id.* As such, we will not review this issue.[2]

___

2. Defendant has also filed a motion for appropriate relief requesting that this Court "[v]acate his convictions and sentence and order that a new trial be conducted" or "[r]emand the case to the Superior Court of Cumberland County so that the perti-

### III. Ineffective Assistance of Counsel

[2] Defendant argues that he "is entitled to a new trial because he did not receive effective assistance of counsel[.]" (Original in all caps.) Defendant was represented by four different attorneys. Throughout the course of the case, defendant repeatedly requested that his various attorneys be discharged from his case, filed over 70 *pro se* motions or documents, and ultimately chose to represent himself at trial. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *State v. Petrick*, 186 N.C. App. 597, 605, 652 S.E.2d 688, 694 (2007) (citation and quotation marks omitted), *disc. review denied and appeal dismissed*, 362 N.C. 242, 660 S.E.2d 540 (2008); *see State v. Rogers*, 194 N.C. App. 131, 141, 669 S.E.2d 77, 84 (2008) ("Four times the trial court appointed counsel for defendant, one time counsel was required to withdraw on account of a conflict of interest, defendant fired the other three for no good reason appearing in the record. Defendant made his choice, as was his constitutional right. He is entitled to no special exception for the quality of his particular self-representation or his lack of access to legal materials. *See Brincefield*, 43 N.C. App. at 52, 258 S.E.2d at 84 ('Whatever else a defendant may raise on appeal, when he elects to represent himself he cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.'). Accordingly, this argument is overruled." (quotation marks omitted)), *disc. review denied*, 363 N.C. 136, 676 S.E.2d 305 (2009). Defendant chose to dismiss all of his attorneys, some before they likely even had a reasonable opportunity to research his case fully, develop a legal strategy, and make effective motions and requests. As defendants' plethora of *pro se* motions and documents and his decision to represent himself at trial demonstrate, defendant's only true "counsel" was himself; accordingly, we find defendant's claim for ineffective assistance of counsel to have no merit. *See id.* at 141, 669 S.E.2d at 84; *Petrick*, 186 N.C. App. at 605, 652 S.E.2d at 694.

### IV. Probable Cause Hearing

[3] Defendant next contends that he was denied "his statutory right to a probable cause hearing . . . [which] resulted in a violation of [his]

---

nent records may be ordered and reviewed *in camera* and a determination made as to whether failure to produce these records at trial resulted in a violation of Due Process[.]" As we are unable to address this motion based upon the record before us, defendant's motion is dismissed without prejudice to his right to file a motion for appropriate relief with the trial court.

constitutional rights to due process, a fair trial and confrontation."
(Original in all caps.) Defendant argues that he was deprived "of dis-
covery and impeachment evidence at a time that was critical to prepa-
ration to defend against the charges." However, in *State v. Hudson,*

> [the] [d]efendant contend[ed] that the State deliberately prevented
> him from having a probable cause hearing thereby depriving him
> of a valuable tool of discovery.
>
> A probable cause hearing may afford the opportunity for a
> defend-ant to discover the strengths and weaknesses of the
> State's case. However, discovery is not the purpose for such a
> hearing. The function of a probable cause hearing is to determine
> whether there is probable cause to believe that a crime has been
> committed and that the defendant committed it. The establish-
> ment of probable cause ensures that a defendant will not be
> unjustifiably put to the trouble and expense of trial.
>
> In the case *sub judice,* probable cause that a crime was com-
> mitted and that defendant committed it was twice established.
> Defendant was arrested upon warrants, and the magistrate issu-
> ing these warrants was required by statute to first determine the
> existence of probable cause. Further, defendant was tried upon
> indictments returned by a grand jury and that body had the func-
> tion of determining the existence of probable cause.
>
> There is no constitutional requirement for a preliminary
> hearing, and it is well settled that there is no necessity for a pre-
> liminary hearing after a grand jury returns a bill of indictment.
>
> We are aware of the provisions of G.S. 15A-605 which pro-
> vide, in part, that the judge must schedule a preliminary hearing
> unless the defendant waives in writing his right to such a hearing
> and absent such waiver the district court judge must schedule a
> hearing not later than fifteen working days following the initial
> appearance before him. We are also aware of the provisions of
> G.S. 15A-1443 which apparently codifies existing case law. We
> quote a portion of that statute:
>
>> (a) A defendant is prejudiced by errors relating to rights
>> arising other than under the Constitution of the United States
>> when there is a reasonable possibility that, had the error in
>> question not been committed, a different result would have
>> been reached at the trial out of which the appeal arises. The
>> burden of showing such prejudice under this subsection is

upon the defendant. Prejudice also exists in any instance in which it is deemed to exist as a matter of law or error is deemed reversible per se.

Here defendant has failed to carry the burden of showing a reasonable possibility that a different result would have been reached in this trial had he been given a preliminary hearing.

295 N.C. 427, 430-31, 245 S.E.2d 686, 689-90 (1978) (citations omitted); *see State v. Wiggins*, 334 N.C. 18, 27-28, 431 S.E.2d 755, 760-61 (1993) (applying *Hudson* to N.C. Gen. Stat. § 15A-606, the applicable statute here).

Here, defendant was arrested upon warrants and tried upon indictments, thus probable cause "was twice established." *Hudson*, 295 N.C. at 430-31, 245 S.E.2d at 689. Based on defendant's argument regarding his speculations regarding potential discovery and impeachment evidence, we too conclude that "defendant has failed to carry the burden of showing a reasonable possibility that a different result would have been reached in this trial had he been given a preliminary hearing." *Id.* at 431, 245 S.E.2d at 689-90. This argument is overruled.

## V. Hearsay

[4] Defendant next contends that "the trial court erred when it allowed . . . [Jane's mother] to tell the jurors a physician diagnosed her daughter's joint disease as caused by trauma." (Original in all caps.) Defendant failed to object at trial and thus argues plain error.

For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings[.]

*State v. Lawrence*, ____ N.C. ____, ____, 723 S.E.2d 326, 334 (2012) (citations, quotation marks, and brackets omitted).

Assuming *arguendo*, that Jane's mother's testimony regarding "trauma" was hearsay and therefore inadmissible, due to Jane's extensive, detailed testimony regarding the numerous offenses defendant committed against her, we cannot see how "the error had a probable impact on the jury's finding that the defendant was guilty." *Id.*

STATE v. BRUNSON

[221 N.C. App. 614 (2012)]

## VI. Quashed Subpoena

**[5]** On 15 August 2008, the district court entered an ex parte domestic violence order of protection ("ex parte DVPO") pursuant to North Carolina General Statutes §§ 50B-2, -3, -3.1, against defendant in an action brought by Jane's mother as the petitioner/plaintiff. In the ex parte DVPO, the district court found that defendant had committed first degree rape, first degree sexual offense, and sexual battery. During the trial, the trial court allowed defendant to question Jane's mother about "whether or not she told Judge Franks that on 8/14/08 the defendant committed first-degree rape and first-degree sex offense because that was a finding of the Court." Jane's mother denied telling Judge Franks that defendant had committed first-degree rape or first-degree sex offense and stated that she had tried to convey to Judge Franks her understanding of the pending charges against defendant which were the same charges as noted above arising from the sexual abuse of Jane. The trial court eventually quashed defendant's subpoena for Judge Franks. Defendant argues that the trial court erred in ordering the subpoena be quashed. Defendant contends that "[i]f Judge Franks had testified [that Jane's mother] told him the defendant committed rape, it would have gone to the credibility of [Jane's mother's] allegations at trial."

We believe that this case is similar to *State v. House*, in which after the State had rested, the defendant requested that he be allowed to subpoena certain witnesses. 295 N.C. 189, 205, 244 S.E.2d 654, 662 (1978). The trial court denied the request. *Id.* This Court found no error in denying the request in part because the defendant had waited so long to make the request, but also in part because the defendant did not show that the testimony was material. *Id.* at 206, 244 S.E.2d at 663. *House* stated,

> G.S. 15A-801 provides for the issuance of subpoenas for proposed witnesses in a criminal proceeding and provides that these shall be issued and served in the manner provided in Rule 45 of the Rules of Civil Procedure, G.S. 1A-1, for the issuance and service of subpoenas in civil actions. That rule provides for the issuance of subpoenas by the Clerk of the Superior Court, but also provides for the issuance of subpoenas over the signature of the party or his counsel. . . .
>
> . . . .
>
> . . . [I]t does not appear that the testimony which the defendant hoped to elicit from any of these proposed witnesses

would have been material in the trial of this action. According to the defendant's responses to the inquiries of the court, two of them were men whom he suspected of having committed adultery with his wife. Assuming, which seems unlikely, that these men, if called to the witness stand, would acknowledge such conduct, it would not be material to the trial of the present action in view of the fact that it occurred, if at all, ten and eleven years prior to the defendant's shooting of his wife and after he, with knowledge thereof, condoned the misconduct and he and his wife became reconciled and renewed their marital relations. Another was a minister, not shown to have any knowledge of any circumstance related to the shooting, or of the defendant's mental or emotional condition, or of his character or reputation.

*Id.* at 205-06, 244 S.E.2d at 663.

In this case, Judge Franks filed an affidavit and it appears that he had no independent recollection of Jane's mother's case. But even if we were to assume *arguendo* that Judge Franks could have testified that Jane's mother told him that defendant had committed first degree rape and/or first-degree sex offense, this testimony would not have made any difference to defendant's case. Jane's mother's testimony made it clear that she informed Judge Franks regarding the acts that she understood defendant to be charged with, although she may have been unaware of the exact legal terminology for these acts. Assuming Judge Franks could testify that Jane's mother was wrong about the legal name of the crimes she told Judge Franks defendant had been charged with or committed, at most this shows a lay person's confusion with legal terms such as "first degree sexual offense" rather than an attempt to convey false information. Also, the majority of the evidence upon which defendant was convicted came from Jane, and we do not believe defendant's inability to attempt to attack Jane's mother's credibility through Judge Franks resulted in any prejudicial error. *See State v. Hurst*, 127 N.C. App. 54, 61, 487 S.E.2d 846, 852 ("[T]o obtain reversal based on any error in the trial court's ruling, the defendant must show prejudicial error. The test for prejudicial error is whether there is a reasonable possibility that a different result would have been reached at trial had the error not been committed." (citation and quotation marks omitted)), *disc. review denied and appeal dismissed*, 347 N.C. 406, 494 S.E.2d 427 (1997), *cert denied*, 523 U.S. 1031, 140 L.Ed. 2d 486 (1998); *see also State v. Valentine*, 20 N.C. App. 727, 729, 202 S.E.2d 496, 498 (1974) ("In order

to entitle defendant to a new trial, the error complained of must be prejudicial to him."). Accordingly, this argument is overruled.

## VII.  Redirect Examination

**[5]** Lastly, defendant contends that the trial court erred when on redirect examination it allowed the State to question Jane again about the offenses defendant had committed against her as this had not been raised on cross-examination. However, at one point during the redirect examination, the trial court specifically stated, "All right. That's outside. We're not gonna keep repeating things. That's outside the scope of cross-examination." Thus, the trial court did eventually forbid the prosecution from impermissible re-questioning. Defendant now contends that by the time the trial court intervened "the prejudice had already occurred." As to any potential prejudice that might have occurred before the trial court stopped the State's re-questioning, defendant could have requested a limiting instruction or other remedy. However, defendant did not nor does the defendant argue that the trial court erred in not issuing one here. Accordingly, this argument is overruled.

## VIII.  Conclusion

For the foregoing reasons, we find no error.

NO ERROR.

Judges CALABRIA and McCULLOUGH concur.