STATE OF NORTH CAROLINA v. JUAN DOE A/K/A
FRANCISCO VAZQUEZ MARTINEZ

No. COA07-1560

(Filed 3 June 2008)

**1. Search and Seizure— motion to suppress—drugs—consent—knowing and intelligent waiver**

The trial court did not err in a prosecution for various cocaine offenses by denying defendant's motion to suppress evidence pertaining to the search of his bedroom, even though defendant contends he did not knowingly and intelligently waive his right to be free of unreasonable searches or his right to self-incrimination, because: (1) *Miranda* warnings are not required to be given by officers before obtaining the consent of the owner to a search of his premises; (2) even if defendant's consent was held to be a statement while he was in custody, our Supreme Court has held that physical evidence obtained as a result of statements by a defendant made prior to receiving the necessary *Miranda* warnings need not be excluded; (3) the only requirement for a valid consent search is the voluntary consent given by a party who had reasonably apparent authority to grant or withhold such consent; and (4) the totality of circumstances revealed that there was competent evidence in the record supporting the trial court's findings of fact and those findings supported the trial court's conclusion when defendant signed a consent form that was written in Spanish, his native language; the consent form was read to him; defendant indicated no lack of understanding; he did

not object at any time to the consent that he gave by signing the consent form; he was cooperative in providing the consent and he provided information relating to the location of his room within the trailer on the form further indicating his consent.

2. **Drugs— trafficking in cocaine by possession—trafficking in cocaine by transportation—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of trafficking in cocaine by possession and by transportation even though defendant contends the State failed to present sufficient evidence tending to show he possessed or transported the cocaine recovered from the vehicle because sufficient evidence was presented that: (1) defendant was in constructive possession of the cocaine recovered from the vehicle when a witness testified that defendant obtained the nine ounces of cocaine recovered from the vehicle from a third party, the cocaine was located in defendant's jacket or under the passenger seat where he was sitting prior to police intervention, and defendant presented the cocaine to the confidential informant; and other testimony tended to show nine ounces of cocaine were recovered from the floorboard in the back seat, more toward the passenger side of the floorboard where defendant was located; and (2) a witness testified that he and defendant often delivered cocaine together because he was the one that knew of the informant; and that he and defendant had driven to their residence after work on 2 March 2006, arranged the drug purchase with one of the confidential informants, and later drove to the parking lot where the purchase was to occur with the cocaine located inside the vehicle.

3. **Drugs— maintaining dwelling for keeping or selling controlled substances—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of maintaining a dwelling for the keeping or selling of controlled substances based on insufficient evidence that defendant kept his bedroom for the purpose of keeping or selling cocaine, and this conviction is reversed and the case is remanded for resentencing, because: (1) factors to be considered in determining whether a particular place is used to keep or sell controlled substances include a large amount of cash being found in the place, a defendant admitting to selling controlled substances,

and the place containing numerous amounts of drug paraphernalia; and (2) none of the aforementioned factors are present in the instant case when officers recovered six and a half grams of cocaine from a boot located inside defendant's closet, no other evidence or paraphernalia tending to indicate the sale of cocaine recovered from a vehicle came from defendant's bedroom, defendant admitted he was a habitual cocaine user and that he had purchased the cocaine found in his bedroom at a bar the previous week for $200.00, and defendant asserted the cocaine recovered from the boot was solely for his personal use and denied any intent or plans to sell the cocaine recovered from the boot in the bedroom.

4. **Drugs— possession with intent to sell and deliver cocaine—instruction—trafficking in the same cocaine by possession**

The trial court did not commit plain error by instructing the jury on the charge of possession with intent to sell and deliver cocaine, even though defendant contends the trial court was required to instruct the jury that it could not properly find defendant guilty of possession with the intent to sell or deliver cocaine based upon the same evidence it used to find defendant guilty of trafficking in cocaine by possession, because: (1) contrary to defendant's contentions, the Court of Appeals has upheld convictions for both possession with intent to sell and distribute cocaine and trafficking in the same cocaine by possession; and (2) the language and history of the statutes indicates that the legislature intended that these offenses be punished separately, even where the offenses are based upon the same conduct.

Appeal by defendant from judgments entered 2 May 2007 by Judge Paul C. Ridgeway in Wake County Superior Court. Heard in the Court of Appeals 15 May 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Robert K. Smith, for the State.*

*Anne Bleyman, for defendant-appellant.*

TYSON, Judge.

Juan Doe a/k/a Francisco Vazquez Martinez ("defendant") appeals judgments entered after a jury found him to be guilty of: (1) trafficking in cocaine by possession and transportation pursuant to N.C.

Gen. Stat. § 90-95(h)(3); (2) conspiracy to traffic in cocaine by pos-session pursuant to N.C. Gen. Stat. § 90-95(i); (3) possession with the intent to sell or deliver cocaine pursuant to N.C. Gen. Stat. § 90-95(a); and (4) maintaining a dwelling for the keeping or selling of controlled substances pursuant to N.C. Gen. Stat. § 90-108(a)(7). We find no error in part, reverse in part, and remand for resentencing.

## I. Background

On 2 March 2006, Raleigh Police Detective A.H. Pennica ("Detective Pennica") obtained information from confidential inform-ants that a drug purchase had been arranged with an individual known as "Goyo." "Goyo" was later identified as Alfredo Lara ("Lara"). The drug purchase was scheduled to occur at approximately 9:00 p.m in the parking lot of the building on 2800 Trawick Road. Lara was to deliver a quarter kilo of cocaine, which equals approximately nine ounces. The informants told Detective Pennica that Lara and a second person would deliver the drugs.

Detective Pennica drove to the location and parked directly across the street to observe the transaction. Detective Pennica required one informant to stay behind with him to contact the second informant via telephone. The second informant was instructed to approach Lara's vehicle and to signal to the first informant when he had observed the cocaine. After Detective Pennica received the sig-nal, drug enforcement officers stationed next to the parking lot were ordered to "takedown" the vehicle. Three subjects, Lara, defendant, and the second informant occupied the vehicle.

Raleigh Police Sergeant Mike Glendy ("Sergeant Glendy") removed defendant from the front passenger seat, handcuffed and searched his person. Sergeant Glendy found three small bags of cocaine located inside defendant's front right pocket. Meanwhile, officers searched the vehicle and recovered a small brown paper bag containing nine ounces of cocaine "on the floorboard of the back seat near the center console."

After officers had recovered the drugs and secured the scene, defendant and Lara were transported to their residence. Upon arrival, defendant signed a form consenting to a search of his bedroom. Officers discovered six and a half grams of cocaine located inside a cowboy boot inside of defendant's closet.

After a three day trial, a jury found defendant to be guilty of: (1) trafficking in cocaine by possession; (2) trafficking in cocaine by

transportation; (3) conspiracy to traffic in cocaine by possession; (4) possession with the intent to sell or deliver cocaine; and (5) maintaining a dwelling for the keeping or selling of controlled substances. All five convictions were consolidated into two separate judgments. Defendant was sentenced to a minimum term of seventy and a maximum term of eighty-four months imprisonment for his trafficking and conspiracy convictions. The trial court also sentenced defendant to a consecutive six to eight month term of imprisonment for his possession with the intent to sell or deliver a controlled substance and maintaining a dwelling for the keeping or selling of controlled substances convictions. This sentence was suspended and defendant was to be placed on supervised probation for twenty-four months following the completion of his consolidated sentence. Defendant appeals.

## II.  Issues

Defendant argues the trial court erred by: (1) denying his motion to suppress evidence and testimony related to the search of his bedroom; (2) denying his motions to dismiss the trafficking cocaine by possession and transportation convictions; and (3) denying his motions to dismiss the maintaining a dwelling for the keeping or selling of controlled substances conviction. Defendant also argues the trial court committed plain error by improperly instructing the jury on the charge of possession with intent to sell and deliver cocaine.

## III.  Motion to Suppress

[1] Defendant argues he did not knowingly and intelligently waive his right to be free of unreasonable searches or his right to self-incrimination and asserts the trial court erred by denying his motion to suppress evidence and testimony pertaining to the search of his bedroom. We disagree.

## A.  Standard of Review

This Court has stated:

The trial court's findings of fact regarding a motion to suppress are conclusive and binding on appeal if supported by competent evidence. This Court determines if the trial court's findings of fact support its conclusions of law. Our review of a trial court's conclusions of law on a motion to suppress is *de novo*.

*State v. Edwards*, 185 N.C. App. 701, 702, 649 S.E.2d 646, 648 (internal citations and quotations omitted), *disc. rev. denied*, 362 N.C. 89, 656 S.E.2d 281 (2007).

B. Analysis

1. Miranda Warnings

Defendant challenged the validity of his consent to search his bedroom during the motion to suppress hearing. Defendant argued both at trial and in his brief that he should have been advised of his *Miranda* rights prior to the officer's consent request. We disagree.

Our Supreme Court has repeatedly held that *Miranda* warnings are not required to be given by officers before obtaining the consent of the owner to a search of his premises. *State v. Hardy*, 339 N.C. 207, 226, 451 S.E.2d 600, 611 (1994); *State v. Powell*, 297 N.C. 419, 427, 255 S.E.2d 154, 159 (1979); *State v. Vestal*, 278 N.C. 561, 579, 180 S.E.2d 755, 767 (1971). Even if defendant's consent was held to be a statement while he was in custody, "our Supreme Court has held that physical evidence obtained as a result of statements by a defendant made prior to receiving the necessary *Miranda* warnings need not be excluded." *State v. Houston*, 169 N.C. App. 367, 371-72, 610 S.E.2d 777, 781 (citing *State v. May*, 334 N.C. 609, 612, 434 S.E.2d 180, 182 (1993)), *disc. rev. denied*, 359 N.C. 639, 617 S.E.2d 281 (2005). Defendant's argument is overruled.

2. Voluntary Consent

Defendant alternatively argues that the consent form he signed was "merely perfunctory" and the State failed to meet its burden to show his consent was given freely without coercion, duress, or fraud. We disagree.

"The only requirement for a valid consent search is the voluntary consent given by a party who had reasonably apparent authority to grant or withhold such consent." *Id.* at 371, 610 S.E.2d at 780 (citing N.C. Gen. Stat. §§ 15A-221, -222 (2003)). This Court reviews the totality of the circumstances to determine whether consent was voluntarily given. *Id.* at 371, 610 S.E.2d at 781 (citation omitted).

At the conclusion of defendant's motion to suppress hearing, the trial court rendered the following findings of fact and conclusion of law:

Here, the Defendant signed a consent form that was written in Spanish, his native language. The consent form was read to him. The Defendant indicated no lack of understanding. The Defendant did not object at any time to the consent that he gave by

**STATE v. DOE**

[190 N.C. App. 723 (2008)]

signing the consent form. The Defendant was cooperative in providing the consent and the Defendant provided information relating to the location of his room within the trailer on the form further indicating his consent. So I therefore conclude that the consent in this case was voluntarily given.

Competent evidence in the record supports the trial court's findings of fact and these findings support the trial court's conclusion that defendant voluntarily consented to the search, conducted in his bedroom. *See id.* (holding the defendant voluntarily consented to a search of his bedroom based upon evidence that defendant: (1) did not contest the fact that he had voluntarily given verbal consent to the search; (2) did not appear to be nervous or scared and was "cooperative" with the officers; (3) led officers to his bedroom; and (4) was present for the search and did not indicate at any time that he wished to revoke his consent). The trial court properly denied defendant's motion to suppress evidence obtained from the search of defendant's bedroom. This assignment of error is overruled.

## IV. Motions to Dismiss

### A. Standard of Review

The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.

*State v. Wood,* 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal citations and quotations omitted).

### B. Trafficking Cocaine Charges

[2] Defendant argues the trial court erred by denying his motion to dismiss the charges of trafficking in cocaine by possession and transportation because the State failed to present sufficient evidence tending to show defendant had possessed or transported the cocaine recovered from the vehicle. We disagree.

### 1. Possession

Trafficking in cocaine by possession pursuant to N.C. Gen. Stat. § 90-95(h)(3) requires the State to prove that the substance was knowingly possessed. *State v. Baldwin*, 161 N.C. App. 382, 391, 588 S.E.2d 497, 504 (2003). "Possession can be actual or constructive. When the defendant does not have actual possession, but has the power and intent to control the use or disposition of the substance, he is said to have constructive possession." *Id.* at 391, 588 S.E.2d at 504-05 (internal citations omitted). "However, unless the [defendant] has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989) (citation omitted).

Here, defendant did not have exclusive possession over the vehicle in which the cocaine was located; therefore other incriminating circumstances must have been present before defendant could be found to have constructive possession. *Id.* At trial, Lara testified that: (1) defendant obtained the nine ounces of cocaine recovered from the vehicle from a third-party; (2) the cocaine was located in defendant's jacket or under the passenger seat where he was sitting prior to police intervention; and (3) defendant presented the cocaine to the confidential informant. Other testimony tended to show nine ounces of cocaine was recovered from "the floorboard in the back seat, more toward the passenger side of the floorboard." Viewed in the light most favorable to the State, sufficient evidence was presented for the jury to infer defendant was in constructive possession of the cocaine recovered from the vehicle. *Wood*, 174 N.C. App. at 795, 622 S.E.2d at 123. The trial court properly submitted the charge of trafficking in cocaine by possession to the jury. This assignment of error is overruled.

### 2. Transportation

Transportation is defined as "any real carrying about or movement from one place to another." *State v. Outlaw*, 96 N.C. App. 192, 197, 385 S.E.2d 165, 168 (1989) (citation and quotation omitted), *disc. rev. denied*, 326 N.C. 266, 389 S.E.2d 118 (1990)). Lara testified that he and defendant often delivered cocaine together because "[he] was the one that knew of the informant." Lara also testified that he and defendant had driven to their residence after work on 2 March 2006, arranged the drug purchase with one of the confidential informants, and later drove to the parking lot where the purchase was to occur

with the cocaine located inside the vehicle. Viewed in the light most favorable to the State, sufficient evidence was presented to submit the charge of trafficking in cocaine by transportation to the jury. *Wood*, 174 N.C. App. at 795, 622 S.E.2d at 123. This assignment of error is overruled.

## C. Maintaining a Dwelling Charge

[3] Defendant argues the trial court erred by denying his motion to dismiss the charge of maintaining a dwelling for the keeping or selling of controlled substances because the State failed to present sufficient evidence tending to show defendant kept his bedroom for the purpose of keeping or selling cocaine. We agree.

N.C. Gen. Stat. § 90-108(a)(7) (2005) prohibits the maintaining of a dwelling only when it is used for "keeping or selling" a controlled substances, such as cocaine. *State v. Mitchell*, 336 N.C. 22, 32, 442 S.E.2d 24, 29 (1994). "The determination of whether . . . a [dwelling], is used for keeping or selling controlled substances will depend on the totality of the circumstances." *Id.* at 34, 442 S.E.2d at 30.

"Factors to be considered in determining whether a particular place is used to 'keep or sell' controlled substances include: a large amount of cash being found in the place; a defendant admitting to selling controlled substances; and the place containing numerous amounts of drug paraphernalia." *State v. Frazier*, 142 N.C. App. 361, 366, 542 S.E.2d 682, 686 (2001) (citations omitted).

Here, none of the aforementioned factors are present. Officers recovered six and a half grams of cocaine from a boot located inside defendant's closet. No other evidence or paraphernalia tending to indicate the sale of cocaine recovered from the vehicle came from defendant's bedroom. Defendant admitted he was a habitual cocaine user and that he had purchased the cocaine found in his bedroom at a bar the previous week for $200.00. Defendant asserted the cocaine recovered from the boot was solely for his personal use and denied any intent or plans to sell the cocaine recovered from the boot in the bedroom. The State presented no evidence to the contrary.

Viewed in the light most favorable to the State, insufficient evidence was presented tending to show defendant maintained a dwelling for the keeping or selling of controlled substances. *Wood*, 174 N.C. App. at 795, 622 S.E.2d at 123. The trial court should have granted defendant's motion to dismiss this charge. We reverse defendant's

conviction for maintaining a dwelling for the keeping or selling of controlled substances and remand this case for resentencing.

### V.  Jury Instructions

**[4]** Defendant asserts the trial court committed plain error by improperly instructing the jury on the charge of possession with intent to sell· and deliver cocaine and argues the alleged error resulted in an ambiguous jury verdict. We disagree.

#### A.  Standard of Review

Plain error review applies only to challenges of jury instructions and to evidentiary matters. *State v. Wiley*, 355 N.C. 592, 615, 565 S.E.2d 22, 39-40 (2002), *cert. denied*, 537 U.S. 1117, 154 L. Ed. 2d 795 (2003). Under plain error review, "the appellate court must be convinced that absent the error the jury probably would have reached a different verdict." *State v. Hartman*, 90 N.C. App. 379, 383, 368 S.E.2d 396, 399 (1988) (citing *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986)).

#### B.  Analysis

Defendant argues the trial court was required to instruct the jury that it could not properly find defendant guilty of possession with the intent to sell or deliver cocaine based upon the same evidence it used to find defendant guilty of trafficking in cocaine by possession.

Contrary to defendant's contentions, this Court has upheld convictions for both "possession with intent to sell and distribute cocaine and trafficking in the same cocaine by possession." *State v. Boyd*, 154 N.C. App. 302, 311, 572 S.E.2d 192, 198 (2002) (citing *State v. Pipkins*, 337 N.C. 431, 435, 446 S.E.2d 360, 363 (1994). In *Boyd*, this Court stated "an examination of the subject, language and history of the statutes indicates that the legislature intended that these offenses be punished separately, even where the offenses are based upon the same conduct." 154 N.C. App. at 310-11, 572 S.E.2d at.198 (quoting *Pipkins*, 337 N.C. at 434, 446 S.E.2d at 362)). The cases defendant relies upon relating to the principles of "jury unanimity" are inapposite to the case at bar. This assignment of error is overruled.

### VI.  Conclusion

*Miranda* warnings are not required prior to obtaining the owner's consent to search his premises. *Hardy*, 339 N.C. at 226, 451 S.E.2d at 611. The trial court's findings of fact support its conclusion that

defendant voluntarily consented to the search conducted in his bedroom. The trial court properly denied defendant's motion to suppress.

Viewed in the light most favorable to the State, sufficient evidence was presented to submit to the jury the charges of trafficking in cocaine by possession and trafficking in cocaine by transportation. Where none of the factors articulated in *Frazier* was presented, there is insufficient evidence tending to show defendant maintained his bedroom for the keeping or selling of controlled substances. 142 N.C. at 336, 542 S.E.2d at 686. The trial court should have granted defendant's motion to dismiss this charge. Defendant's conviction for maintaining a dwelling for the keeping or selling of controlled substances is reversed and this case is remanded for resentencing.

The trial court was not required to instruct the jury that it could not properly find defendant guilty of possession with the intent to sell or deliver cocaine based upon the same evidence it used to find defendant guilty of trafficking in cocaine by possession. *Boyd*, 154 N.C. App. at 311, 572 S.E.2d at 198. Defendant received a fair trial, free from prejudicial errors he assigned and argued except for the denial of his motion to dismiss the maintaining a dwelling charge.

No error in part, reversed in part, and remanded for resentencing.

Judges McCULLOUGH and STROUD concur.