STATE OF NORTH CAROLINA v. ALVIN STEVENSON JOHNSON

No. COA11-677

(Filed 20 December 2011)

**1. Drugs—trafficking—cocaine—constructive possession**

The trial court did not err by denying defendant's motion to dismiss the drug trafficking charges. The evidence was sufficient to establish that defendant constructively possessed the cocaine found inside the car.

**2. Criminal Law—prosecutor's argument—defendant the devil**

The trial court did not err by failing to intervene *ex mero motu* during the State's closing argument when the prosecutor called defendant the devil in front of the jury. The prosecutor used this phrase to illustrate the type of witnesses which were available in a case such as this one instead of characterizing defendant as the devil.

STATE v. JOHNSON

[217 N.C. App. 605 (2011)]

**3. Constitutional Law—effective assistance of counsel— claim dismissed without prejudice**

Defendant's claim for ineffective assistance of counsel was dismissed without prejudice to defendant's right to file a motion for appropriate relief so that an evidentiary hearing may be held to determine whether defendant consented to his counsel's admission of guilt to the charge of resisting a public officer.

Appeal by defendant from judgments entered on or about 10 September 2008 by Judge Jerry R. Tillett in Superior Court, Currituck County. Heard in the Court of Appeals 30 November 2011.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Brandon L. Truman, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his convictions for trafficking in cocaine by possession, trafficking in cocaine by transportation, possession with intent to sell or deliver cocaine, and resisting a public officer. Defendant claims that the trial court erroneously denied his motion to dismiss; the trial court erred in failing to intervene *ex mero motu* during the State's improper closing argument; and he received ineffective assistance of counsel. We conclude that the trial court did not err in denying defendant's motion to dismiss, find no error as to the trial court failing to intervene ex mero motu into the State's closing argument, and dismiss defendant's claim for ineffective assistance of counsel so that defendant may file a motion for appropriate relief for a full evidentiary hearing to be conducted on the issue.

I. Background

The State's evidence tended to show that around midnight on 26 October 2006, Sergeant Eric Brinkley of the Currituck County Sherriff's Office was on patrol duty when he recognized a Pontiac vehicle at a 7-Eleven that "did not have a North Carolina state inspection sticker on the windshield." Sergeant Brinkley called for backup, followed the vehicle, and "turned [his] blue lights and sirens on[;] the vehicle proceeded to go to the side of the road and then back onto the road again and proceed[ed] . . . approximately a quarter mile down

STATE v. JOHNSON

[217 N.C. App. 605 (2011)]

the road further." Sergeant Brinkley finally stopped the vehicle which had three males in it. Defendant was the only person in the backseat.

Deputy Randy Jones arrived at the scene and "his canine [K-9] made a positive alert for the presence of narcotics in th[e] vehicle." Deputy Jones looked in the vehicle and found "a plastic sandwich baggy with [an] off-white rock-like substance in it" in "[t]he passenger rear seat area floorboard where [defendant's] feet would be." Sergeant Brinkley "went to search" defendant, when he "got down to around his sock and feet area" he "felt a lump in [defendant's] sock that shouldn't have been there. Something was out of place." Defendant "took off running through a field. [Defendant] jumped the ditch that [they] were parked near and went through the field. [Sergeant Brinkley] caught [defendant] about thirty [30] yards into th[e] field." Sergeant Brinkley tackled defendant and "one of [defendant's] shoes . . . had come off and right there beside his shoe was a small bag of white powder." Upon searching defendant, Sergeant Brinkley found "a sandwich baggy with a larger amount of white powder inside of it."

Defendant was indicted for trafficking in cocaine by possession ("trafficking by possession"), trafficking in cocaine by transportation ("trafficking by transportation"), possession with intent to sell or deliver cocaine ("PWISD"), possession of cocaine, and resisting a public officer. During defendant's trial, Mr. Robert Hall, the other passenger in the Pontiac vehicle, testified that he had sold defendant the cocaine found in the vehicle and in defendant's sock "for [defendant] to sell it." Mr. Hall further testified that he and defendant had previously "sold crack together[.]" After defendant's trial, the jury found him to be guilty of both trafficking charges, PWISD, and resisting a public officer. The trial court determined defendant had a prior record level of III and sentenced him consecutively to 35 to 42 months imprisonment for each of his trafficking convictions, 10 to 12 months imprisonment for his conviction for PWISD, and 60 days imprisonment for resisting a public officer. Defendant appeals.

## II. Motion to Dismiss

**[1]** Defendant first contends that the trial court erred in denying his motion to dismiss the trafficking charges "because the evidence was insufficient to establish that he constructively possessed the cocaine found inside the car which was necessary to reach a trafficking weight." (Original in all caps.)

**STATE v. JOHNSON**

[217 N.C. App. 605 (2011)]

> The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.

*State v. Johnson*, ___ N.C. App. ___, ___, 693 S.E.2d 145, 148 (2010) (citations and quotation marks omitted). "To establish trafficking by possession, the State must show that a defendant (1) knowingly possessed a given controlled substance; and (2) that the amount possessed was greater than 28 grams." *State v. Wiggins*, 185 N.C. App. 376, 386, 648 S.E.2d 865, 872, *disc. review denied*, 361 N.C. 703, 653 S.E.2d 160 (2007), *disc. review denied*, ___ N.C. ___, 674 S.E.2d 421 (2009). The elements for trafficking by transportation are that defendant "(1) knowingly [transported] a given controlled substance; and (2) that the amount [transported] was greater than 28 grams." *Id; see* N.C. Gen. Stat. § 90-95(h)(3) (2005).

Defendant argues that

> [i]n order to prove that [he] possessed a trafficking amount of cocaine, the State had to add the weight of the cocaine found on . . . [defendant] to the weight of the cocaine found inside the car. However, the State did not present incriminating circumstances sufficient to establish . . . [defendant]'s intent and capability to maintain dominion and control over the cocaine in the car, thereby establishing that he constructively possessed that cocaine.

Thus, defendant does not contest his possession of the cocaine found near his shoe or found on his person; defendant only contends that the State did not establish that he possessed the cocaine in the vehicle. We disagree.

> Possession can be actual or constructive. When the defendant does not have actual possession, but has the power and intent to control the use or disposition of the substance, he is said to have constructive possession. However, unless the defendant has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred.

*State v. Doe*, 190 N.C. App. 723, 730, 661 S.E.2d 272, 276 (2008) (citations, quotation marks, and brackets omitted).

In *Doe*,

> Raleigh Police Detective A.H. Pennica ("Detective Pennica") obtained information from confidential informants that a drug purchase had been arranged with an individual known as "Goyo." "Goyo" was later identified as Alfredo Lara ("Lara"). The drug purchase was scheduled to occur at approximately 9:00 p.m. in the parking lot of the building on 2800 Trawick Road. Lara was to deliver a quarter kilo of cocaine, which equals approximately nine ounces. The informants told Detective Pennica that Lara and a second person would deliver the drugs.
>
> Detective Pennica drove to the location and parked directly across the street to observe the transaction. Detective Pennica required one informant to stay behind with him to contact the second informant via telephone. The second informant was instructed to approach Lara's vehicle and to signal to the first informant when he had observed the cocaine. After Detective Pennica received the signal, drug enforcement officers stationed next to the parking lot were ordered to "takedown" the vehicle. Three subjects, Lara, defendant, and the second informant occupied the vehicle.
>
> Raleigh Police Sergeant Mike Glendy ("Sergeant Glendy") removed defendant from the front passenger seat, handcuffed and searched his person. Sergeant Glendy found three small bags of cocaine located inside defendant's front right pocket. Meanwhile, officers searched the vehicle and recovered a small brown paper bag containing nine ounces of cocaine on the floorboard of the back seat near the center console.
>
> After officers had recovered the drugs and secured the scene, defendant and Lara were transported to their residence. Upon arrival, defendant signed a form consenting to a search of his bedroom. Officers discovered six and a half grams of cocaine located inside a cowboy boot inside of defendant's closet.
>
> After a three day trial, a jury found defendant to be guilty of: (1) trafficking in cocaine by possession; (2) trafficking in cocaine by transportation; (3) conspiracy to traffic in cocaine

by possession; (4) possession with intent to sell or deliver cocaine; and (5) maintaining a dwelling for the keeping or selling of controlled substances.

*Doe*, 190 N.C. App. at 726-27, 661 S.E.2d at 274-75 (quotation marks omitted). As to defendant's trafficking in cocaine by possession charge, this Court determined:

> defendant did not have exclusive possession over the vehicle in which the cocaine was located; therefore other incriminating circumstances must have been present before defendant could be found to have constructive possession. At trial, Lara testified that: (1) defendant obtained the nine ounces of cocaine recovered from the vehicle from a third-party; (2) the cocaine was located in defendant's jacket or under the passenger seat where he was sitting prior to police intervention; and (3) defendant presented the cocaine to the confidential informant. Other testimony tended to show nine ounces of cocaine was recovered from the floorboard in the back seat, more toward the passenger side of the floorboard. Viewed in the light most favorable to the State, sufficient evidence was presented for the jury to infer defendant was in constructive possession of the cocaine recovered from the vehicle.

*Id.* at 730, 661 S.E.2d at 276-77 (citation and quotation marks omitted). This Court went on to state as to defendant's trafficking in cocaine by transportation charge that

> [t]ransportation is defined as any real carrying about or movement from one place to another. Lara testified that he and defendant often delivered cocaine together because he was the one that knew of the informant. Lara also testified that he and defendant had driven to their residence after work on 2 March 2006, arranged the drug purchase with one of the confidential informants, and later drove to the parking lot where the purchase was to occur with the cocaine located inside the vehicle. Viewed in the light most favorable to the State, sufficient evidence was presented to submit the charge of trafficking in cocaine by transportation to the jury.

*Doe*, 190 N.C. App. at 730-31, 661 S.E.2d at 277 (citation and quotation marks omitted).

Here, as to the trafficking by possession charge, the "other incriminating circumstances" tend to show that a co-occupant in the vehicle

testified that the cocaine belonged to defendant; the cocaine was found in the vehicle "where [defendant]'s feet would have been[;]" and, cocaine was also found on defendant's person; we view this evidence to be sufficient to show constructive possession. *See id.* at 730, 661 S.E.2d at 276-77. As to the trafficking by transportation charge, the "other incriminating circumstances" tend to show that Sergeant Brinkley saw the Pontiac at the 7-Eleven and followed the moving vehicle containing defendant and his cocaine down the road; we also view this as sufficient evidence to establish that defendant transported the cocaine. *See id.* at 730-31, 661 S.E.2d at 276-77. Accordingly, the trial court did not err in denying defendant's motion to dismiss the trafficking charges, and this argument is overruled.

### III. State's Closing Argument

**[2]** Defendant also contends that "the trial court failed to intervene *ex mero motu* during the State's closing argument when the prosecutor disparaged . . . [defendant]'s character by calling him the devil in front of the jury." (Original in all caps.) "The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu.*" *State v. Jones*, 355 N.C. 117, 133, 558 S.E.2d 97, 107 (2002).

Defendant directs this Court's attention to the prosecutor stating during closing argument, "I submit to you that when you try the devil, you have to go to hell to get your witness." But in context the prosecutor said,

> Think about the type of people who are in that world and who would be able to testify and witness these type of events. I submit to you that when you try the devil, you have to go to hell to get your witness. When you try a drug case, you have to get people who are involved in that world. Clearly the evidence shows that Robert Hall was in that world. He's an admitted drug dealer and admitted drug user.

As our Supreme Court has already stated on this issue, "We do not believe the district attorney was characterizing [the defendant] as the devil. He used this phrase to illustrate the type of witnesses which were available in a case such as this one." *State v. Willis*, 332 N.C. 151, 171, 420 S.E.2d 158, 167 (1992). Just as in *Willis,* this argument is overruled. *See id.*

## IV.  Ineffective Assistance of Counsel

**[3]**  Defendant next contends that his "trial attorney rendered ineffective assistance of counsel *per se* by admitting . . . [his] guilt to the charge of resisting a public officer during his closing argument without . . . [defendant]'s consent." (Original in all caps.) During closing arguments defendant's attorney stated,

> He's also charged with resisting, delaying, or obstructing the officer. You've heard that they have this dog alert, that that indicates the presence of narcotics. They got . . . [defendant] out of the car. They took him around to the back of the car to conduct a search of his person. And when the officer started getting down to his lower legs, he took off running across the field. He didn't obey their instructions. They had to tackle him out there and hit him with the flashlights to settle him down.

> Well, that certainly slowed down the officers in the performance of their duties, the elements are there. They were officers of the law. They were discharging a duty of their office. We are not contending they were doing anything unlawful at the time and he didn't obey. He delayed them. He obstructed them, he resisted them. Once again, I can't tell you what to do. But I have to submit to you that the Judge is going to tell you if you conclude that he was an officer of the law and he was discharging the lawful duty of his office, this gentlemen without justification was resisting and delaying and obstructing him.

> The Judge will tell you it's your duty to return a verdict of guilty of that charge. And once again, I'm not going to insult you or waste your time by trying to convince you otherwise. That would be a ridiculous thing to do.

Our Supreme Court has stated "that ineffective assistance of counsel, per se in violation of the Sixth Amendment, has been established in every criminal case in which the defendant's counsel admits the defendant's guilt to the jury without the defendant's consent." *State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507-08 (1985), *cert. denied*, 476 U.S. 1123, 90 L.Ed. 2d 672 (1986); *see State v. Maready*, ___ N.C. App. ___, ___, 695 S.E.2d 771, 775-79 (concluding that the *Harbison* standard controls in non-capital cases), *disc. review denied and appeal dismissed*, 364 N.C. 329, 701 S.E.2d 246-47 (2010). In order for defendant to be convicted of resisting a public officer the State must have shown that (1) defendant "willfully and

unlawfully resist[ed], delay[ed] or obstruct[ed] a public officer in (2) discharging or attempting to discharge a duty of his office[.]" N.C. Gen. Stat. § 14-223 (2005).

Defendant's attorney stated, "[T]he elements are there. They were officers of the law. They were discharging a duty of their office. We are not contending they were doing anything unlawful at the time and he didn't obey. He delayed them. He obstructed them, he resisted them[;]" such statements cannot be construed in any other light than "admit[ting] the defendant's guilt[.]" *Harbison*, 315 N.C. 175, 180, 337 S.E.2d at 507-08. However, from the record before us, it is unclear whether defendant consented to the admission of guilt of this offense, which is minor in comparison to his other charges, by his attorney. As such, we dismiss this issue without prejudice in order for defendant to file a motion for appropriate relief so that a full evidentiary hearing may be held on this issue. *See Maready*, ___ N.C. App. at ___, 695 S.E.2d at 779-80 (noting this Court had previously remanded the case for an evidentiary hearing regarding the defendant's consent).

## V. Conclusion

For the foregoing reasons, we find no error as to the trial court's denial of defendant's motion to dismiss; we find no error as to the trial court's failure to intervene *ex mero motu* into the State's closing argument; and we dismiss defendant's claim for ineffective assistance of counsel, without prejudice to defendant's right to file a motion for appropriate relief so that an evidentiary hearing may be held to determine whether he consented to his counsel's admission of guilt to the charge of resisting a public officer.

NO ERROR in part; DISMISSED in part.

Judges BRYANT and CALABRIA concur.