STATE OF NORTH CAROLINA v. SANTIAGO MONTEZ HOUSTON

No. COA04-622

(Filed 5 April 2005)

**1. Appeal and Error— preservation of issues—failure to argue or set out in brief**

Defendant's assignments of error numbers one, five, six, seven, eight, nine, and ten are deemed abandoned because they are not set out or argued in defendant's brief as required by N.C. R. App. P. 28(b)(6).

**2. Search and Seizure— motion to suppress evidence—contents of safe in bedroom—voluntariness of consent**

The trial court did not err in a trafficking in cocaine by possession of more than 200 but less than 400 grams case by denying defendant's motion to suppress evidence found in the safe in his bedroom, because: (1) there was ample competent evidence in the record to show defendant, although in custody at the time consent was requested, voluntarily consented to the search of the bedroom; and (2) physical evidence obtained as a result of statements by a defendant made prior to receiving the necessary Miranda warnings need not be excluded.

**3. Evidence— prior crimes or bad acts—uncharged drug dealings**

The trial court did not err in a trafficking in cocaine by possession of more than 200 but less than 400 grams case by allowing a confidential police informant's testimony as to prior uncharged drug dealings with defendant, because: (1) the testimony was offered to show intent, knowledge, plan or scheme as well as to explain the relationship between defendant and the informant; (2) an appropriate limiting instruction was given to the jury both at the time the informant testified and in the jury instructions; and (3) the similarities between the charged

offense and the prior transactions testified to by the informant are numerous.

**4. Confessions and Incriminating Statements— post-Miranda statements—voluntariness**

The trial court did not err in a trafficking in cocaine by possession of more than 200 but less than 400 grams case by allowing the introduction of defendant's incriminating post-Miranda statements that were allegedly induced by the hope of some benefit, because: (1) defendant was a thirty-year-old high school graduate with significant knowledge and experience with the criminal justice system based upon his numerous prior arrests, defendant was advised of and waived his Miranda rights both orally and in writing, and defendant did not appear scared or intimidated during the one hour to one hour and fifteen minutes interview and at no time asked for a break or to speak to an attorney; (2) the officers did not discuss what the specific rewards or benefits of cooperation might be, nor did they tell defendant that his sentence would be reduced or the amount of his release bond was dependent on his cooperation; and (3) a suggestion of hope created by statements of law enforcement officers that they would talk to the District Attorney regarding defendant's cooperation where there was no indication that preferential treatment might be given in exchange for cooperation did not render the inculpatory statements involuntary.

Appeal by defendant from judgment entered 19 May 2003 by Judge Robert C. Ervin in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 January 2005.

*Attorney General Roy Cooper, Attorney General by Special Deputy Attorney General W. Dale Talbert, for the State.*

*Brian Michael Aus, for the defendant-appellant.*

JACKSON, Judge.

Defendant was charged with trafficking in cocaine by possession of more than 200, but less than 400, grams. Defendant entered a plea of not guilty. A jury returned a verdict finding defendant guilty of the offense charged. Defendant appeals from the verdict and the judgment entered thereon.

At trial the State's evidence tended to show that defendant was arrested on 4 March 2002 in the parking lot of his apartment building

after a confidential police informant, Pernice Davis ("Davis"), made a controlled purchase of approximately nine ounces of cocaine from him. Immediately after his arrest, officers and agents took the handcuffed defendant to an apartment on the third floor of the apartment building. Occupant Anthony General allowed them into the apartment. Defendant consented to a search of a back bedroom and attached bathroom that were identified as his. Defendant was not advised of his *Miranda* rights prior to being asked for, and consenting to the search of his apartment, nor was he advised that he could refuse to give consent. A small, locked safe was located in the bedroom. Defendant gave the officers the combination to the safe at their request. Upon opening the safe, the officers discovered a handgun, approximately 130 grams of cocaine and several thousand dollars in cash. Defendant was present when the safe was opened by the officers as well as when its contents were removed. At no time did defendant say or do anything to indicate a revocation of his consent.

After searching the apartment and securing the evidence, the officers transported defendant to the police station for an interview. After being advised of, and waiving, his *Miranda* rights, both orally and in writing, defendant admitted to the officers that he had purchased or sold drugs multiple times in the past, including prior transactions with Davis.

Prior to trial, the trial court granted Defendant's motion to suppress all incriminating statements made prior to being read his *Miranda* rights. None of the suppressed statements were submitted to the jury at trial. The trial court denied defendant's motion to suppress the physical evidence obtained at the apartment prior to his being advised of his *Miranda* rights. The handgun, cocaine and money found in the safe in defendant's bedroom were submitted to the jury by the State in its case in chief. The trial court also denied defendant's motion to suppress post-*Miranda* statements made by defendant. Defendant did not testify on his own behalf at trial.

At trial, the court allowed Davis to testify regarding his prior, uncharged drug transactions with defendant over defendant's objection that such testimony constituted impermissible character evidence that was unduly prejudicial to defendant. The trial court allowed Davis' testimony finding that it was being introduced for the purpose of showing "intent, knowledge, common plan or scheme; and also, to explain the nature of the relationship between Pernice Davis

and the defendant." A limiting instruction to that effect was given to the jury by the trial judge at the time the testimony was presented as well as in the charge to the jury prior to deliberations.

Following the presentation of all evidence, the jury found defendant guilty of trafficking by possessing more than two hundred, but less than four hundred, grams of cocaine. Defendant was sentenced to an active term of imprisonment of a minimum of seventy months and a maximum of eighty-four months in the custody of the North Carolina Department of Correction.

[1] Defendant appeals from the conviction and judgment and assigns as error the trial court's: (1) denying defendant's motion to suppress testimony of Davis regarding statements ostensibly made by defendant and contained in an audio tape made by law enforcement; (2) allowing Davis' testimony as to prior uncharged drug dealings with defendant; (3) allowing into evidence statements ostensibly made by defendant to law enforcement while in custody; (4) allowing into evidence cocaine seized from a safe in defendant's bedroom; (5) allowing the State to exercise peremptory challenges in a racially discriminatory manner; (6) denying defendant's motion for mistrial; (7) allowing Davis' testimony regarding statements ostensibly made by defendant on the date of the instant offense; (8) denying defendant's motion to dismiss for insufficient evidence; (9) jury instruction defining "knowledge" for the purpose of trafficking in cocaine; and (10) refusing to instruct the jury as to entrapment. N.C.R. App. P. 28(b)(6) provides that "[a]ny assignments of error not set out in the appellant's brief, or in support of which no reason or judgment is stated or authority cited, will be taken as abandoned." Therefore, we find that defendant's assignments of error numbers one, five, six, seven, eight, nine and ten are deemed abandoned as they are not set out or argued in defendant's brief.

Defendant successfully presented the following issues for review on appeal: (2) whether the trial court erred in allowing Davis' testimony regarding prior uncharged drug transactions with defendant; (3) whether the trial court erred by allowing the introduction of defendant's post-Miranda statements; and (4) whether the trial court erred by denying his motion to suppress evidence found in the safe in his bedroom.

[2] In an appeal of a denial of a motion to suppress, our review is limited to whether the trial court's findings of fact are supported by competent evidence. If competent evidence is found to exist, the findings

of fact are binding on appeal. We must then limit our review to whether the findings of fact support the trial court's conclusions of law. *State v. Cabe*, 136 N.C. App. 510, 512, 524 S.E.2d 828, 830, *appeal dismissed*, 351 N.C. 475, 543 S.E.2d 496 (2000) (quoting *State v. Corpening*, 109 N.C. App. 586, 587-88, 427 S.E.2d 892, 893 (1993) (internal citations omitted)).

Here, the trial court allowed the evidence obtained from the safe on the basis that its discovery was the result of a valid consent search of defendant's bedroom. The only requirement for a valid consent search is the voluntary consent given by a party who had reasonably apparent authority to grant or withhold such consent. N.C. Gen. Stat. §§ 15A-221-222 (2003). Neither our state law nor federal law requires that any specific warning be provided to the party whose property is to be searched prior to obtaining consent for the consent to be valid. *Schneckloth v. Bustamonte*, 412 U.S. 218, 234, 36 L. Ed. 2d 854, 867 (1973); *State v. Vestal*, 278 N.C. 561, 579, 180 S.E.2d 755, 767 (1971), *cert. denied*, 414 U.S. 874, 38 L. Ed. 2d 114 (1973).

In determining whether consent was given voluntarily this Court must look at the totality of the circumstances. *Schneckloth*, 412 U.S. at 226, 36 L. Ed. 2d at 862; *State v. Hardy*, 339 N.C. 207, 222, 451 S.E.2d 600, 608 (1994). Here, there is ample competent evidence in the record to show defendant, although obviously in custody at the time consent was requested, voluntarily consented to the search of the bedroom. In fact, defendant does not contest the fact he gave verbal consent to search the bedroom and the safe contained therein. There is no evidence in the record, and defendant makes no argument, that the consent was not made voluntarily. The evidence presented tended to show defendant did not appear nervous or scared, was "cooperative," led the officers to the bedroom, provided the combination to the safe at their request, was not threatened by the officers and was present throughout the search and gave no indication he wished to revoke his consent.

Defendant argues the evidence found in the safe should have been suppressed because it was discovered as the result of his pre-*Miranda* statement providing the officers with the combination to the safe. The statements themselves made by defendant prior to being advised of his *Miranda* rights, including his statement regarding the combination to the safe, were properly suppressed at trial. However, our Supreme Court has held that physical evidence obtained as a result of statements by a defendant made prior to receiving the necessary *Miranda* warnings need not be excluded.

*State v. May*, 334 N.C. 609, 612, 434 S.E.2d 180, 182 (1993), *cert. denied*, 510 U.S. 1198, 127 L. Ed. 2d 661 (1994), *see, State v. Goodman*, ⸺ N.C. App. ⸺, 600 S.E.2d 28, 30-31, *disc. review denied*, 359 N.C. 193, N.C. LEXIS 1262 (N.C. Ct. App. 2004) (holding that *May* is still controlling in North Carolina in light of *United States v. Patane*, ⸺ U.S. ⸺, 159 L. Ed. 2d 667, 124 S. Ct. 2620 (2004) in which the U.S. Supreme Court held that the "fruit of the poisonous tree" doctrine did not apply to physical evidence discovered as a result of statements made by the defendant when no *Miranda* warning was given). We find the trial court's holding that the contents of the safe were discovered as the result of a valid consent search to be supported by competent evidence, and therefore conclude that there was no error in the admission of the physical evidence found in the safe.

**[3]** Defendant next contends the trial court erred in allowing the testimony of Davis regarding prior, uncharged drug transactions between himself and defendant. Defendant argues the only purpose for introducing this testimony was to impugn the character of defendant which is a purpose specifically prohibited by N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003).

"Rule 404(b) is a rule of '*inclusion* of relevant evidence of other crimes, wrongs or acts by a defendant, subject to but *one exception* requiring its exclusion if its *only* probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged.'" *State v. Scott*, 343 N.C. 313, 330, 471 S.E.2d 605, 615 (1996) (quoting *State v. Weathers*, 339 N.C. 441, 448, 451 S.E.2d 266, 270 (1994)) (emphasis in original) (internal citations omitted). Examples of purposes for which evidence of other crimes, wrongs, or acts are admissible include: "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003).

Here, the trial court found Davis' testimony regarding the prior, uncharged drug dealings was offered to show intent, knowledge, common plan or scheme as well as to explain the relationship between Davis and the defendant. An appropriate limiting instruction to that effect was given to the jury both at the time Davis testified and in the jury instructions.

Once the purpose for introducing the evidence has been found to be proper under Rule 404(b), the court must then determine whether

the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. N.C. Gen. Stat. § 8C-1, Rule 403; *State v. Everhardt,* 96 N.C. App. 1, 18, 384 S.E.2d 562, 572 (1989), *aff'd,* 326 N.C. 777, 392 S.E.2d 391 (1990). The probative value of evidence of prior acts or crimes is determined by the similarity and temporal proximity. *State v. Artis,* 325 N.C. 278, 299, 384 S.E.2d 470, 489 (1989), *vacated on other grounds,* 494 U.S. 1023, 108 L. Ed. 2d 604 (1990). The determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice is within the sound discretion of the court and will only be reversed on appeal if the ruling is found to be so arbitrary that it could not have resulted from a reasoned decision. *State v. Bidgood,* 144 N.C. App. 267, 272, 550 S.E.2d 198, 202, *cert. denied,* 354 N.C. 222, 549 S.E.2d 647 (2001).

The similarities between the charged offense and the prior transactions testified to by Davis are numerous. Defendant and Davis were parties to both the charged transaction and the prior ones; the prior transactions primarily involved sales of cocaine; on at least eight occasions the same amount of cocaine was purchased from defendant as was purchased on 4 March 2002 for the same price and the majority of the previous transactions occurred in the same location (the parking lot of defendant's apartment) as the charged offense. Additionally, the last transaction prior to the charged offense was conducted only approximately four months prior to the date of this offense. Based upon the foregoing, we find that the evidence was admitted for a proper purpose and that the trial court did not act arbitrarily in allowing Davis' testimony regarding the prior drug transactions.

[4] Finally, defendant argues the trial court erred in allowing evidence of incriminating post-*Miranda* statements that were allegedly induced by the hope of some benefit and therefore not made voluntarily. The trial court found the statements were made voluntarily after defendant had been advised of his *Miranda* rights and were admissible. The determination of whether defendant's statements are voluntary "is a question of law and is fully reviewable on appeal." *State v. Greene,* 332 N.C. 565, 580, 422 S.E.2d 730, 738 (citing *State v. Barlow,* 330 N.C. 133, 409 S.E.2d 906) (1992).

An in-custody statement that is made voluntarily and understandingly is admissible. *State v. Schneider,* 306 N.C. 351, 355, 293 S.E.2d 157, 160 (1982) (citing *State v. Pruitt,* 286 N.C. 442, 212 S.E.2d 92 (1975)). Like the test for whether a consent to search was given voluntarily, discussed *supra,* the test for determining if a statement

was made voluntarily requires the court to look at the totality of the circumstances. *State v. Jackson*, 308 N.C. 549, 581, 304 S.E.2d 134, 152 (1983). Our Supreme Court has identified several factors to be considered in evaluating whether a statement was made voluntarily. These factors include: whether the defendant was in custody; whether he was deceived; whether his Miranda rights were honored; whether he was held incommunicado; the length of his interrogation; if there were physical threats or shows of force; the familiarity defendant had with the criminal justice system; whether promises were made to obtain the statement; and the defendant's mental condition. *State v. Hardy*, 339 N.C. 207, 222, 451 S.E.2d 600, 608 (citing *Jackson*, 308 N.C. at 582, 304 S.E.2d at 153) (1994). Statements that were induced by hope or fear have consistently been held by our Supreme Court to have been coerced psychologically. *Greene*, 332 N.C. at 581, 422 S.E.2d at 739.

Of the factors identified by the North Carolina Supreme Court, defendant bases the argument that his statement was coerced solely on the consideration that promises were made to obtain the statement. As the appropriate review of the voluntariness of a statement is the totality of the circumstances, we will address the evidence in the record pertaining to the other factors briefly. At the time of questioning, defendant was a thirty year-old high school graduate with significant knowledge and experience with the criminal justice system based upon his numerous prior arrests. The interview took between one hour and one hour and fifteen minutes during which time defendant was not threatened nor were any shows of force made. Defendant was advised, orally and in writing, of his Miranda rights and he waived those rights, both orally and in writing. Defendant did not appear scared or intimidated during the interview and at no time asked for a break or to speak to an attorney.

Turning to the question of whether the statement was induced by promises or hope of benefit, the evidence shows that the officers, in discussing defendant's situation in general: advised defendant of the charge, the possible sentence he could receive, the need for him to be truthful and help himself out by cooperating; and told defendant that if he cooperated his cooperation would be related to the District Attorney's Office and the judge. The officers did not discuss what the specific rewards or benefits of cooperation might be, nor did they tell defendant that his sentence would be reduced or the amount of his release bond was dependent on his cooperation.

**IN RE L.E.B., K.T.B.**

[169 N.C. App. 375 (2005)]

A suggestion of hope created by statements of law enforcement officers that they will talk to the District Attorney regarding a suspect's cooperation where there is no indication that preferential treatment might be given in exchange for cooperation does not render inculpatory statements involuntary. *State v. Branch,* 306 N.C. 101, 109-10, 291 S.E.2d 653, 659 (1982). Here, the officers made general statements that they would advise the District Attorney and judge of the defendant's cooperation and did not make any representations regarding what, if any, benefit defendant's cooperation would bring.

Based upon the foregoing evidence we agree with the trial court's finding the defendant's post-Miranda statements were made voluntarily. We hold that the trial court did not err in admitting defendant's post-*Miranda* statements.

No Error.

Judges HUNTER and BRYANT concur.