INMAN, Judge, concurring in part and dissenting in part.
*554 I concur in the majority's holdings regarding Defendant's convictions for felony obstruction of justice. With respect to the second obstruction charge, I write separately to note that the conviction was precluded by the specific language of the indictment rather than by the ample evidence that could otherwise support the elements of this offense. I respectfully dissent from the majority's holding reversing the trial court's denial of Defendant's motion to dismiss the charge of accessory after the fact to William's felony sexual activity by a substitute parent.
A. Felony Obstruction of Justice by Denying Access
By answering investigators' questions directed to her minor daughter, telling investigators that her daughter was not to be believed, and abruptly removing her daughter from an interview after learning that investigators were asking her about documentary evidence the daughter could authenticate, Defendant engaged in conduct that "prevent[ed], obstruct[ed], impede[d], or hinder[ed] public or legal justice." State v. Wright , 206 N.C. App. 239, 242, 696 S.E.2d 832, 835 (2010) (citation and quotation marks omitted). Defendant's conduct deprived the investigators of interviews free from such interference, not only by interrupting their questions, but also by intimidating her daughter from making more forthright disclosures. Defendant also obstructed the investigation by prohibiting her daughter from speaking with an investigator just hours after seeing William engaging her in sexual intercourse. But Defendant was not charged with obstructing officers in any of these ways. She was instead indicted for obstruction by "denying [investigators] access to her daughter ... throughout the course of the investigation." As the majority correctly notes, Defendant generally allowed investigators access to her daughter. Accordingly, the evidence did not establish that Defendant *908 committed the obstruction offense under the theory alleged in the indictment. Nor could the jury convict Defendant for the illegal conduct established by the evidence but not charged in the indictment, as "[i]t is error, generally prejudicial, for the trial judge to permit a jury to convict upon a theory not supported by the bill of indictment." State v. Brown , 312 N.C. 237, 248, 321 S.E.2d 856, 863 (1984) (holding the trial court plainly erred by instructing the jury on a purpose theory not charged in the indictment, rather than the purpose alleged in the charging document); cf. State v. Tirado , 358 N.C. 551, 576, 599 S.E.2d 515 (2004) (no plain error where trial court instructed on the purpose theory charged in the indictment in addition to an unindicted purpose theory, because the evidence supported both theories). *555 B. Accessory After the Fact
I respectfully dissent from the majority's holding reversing Defendant's conviction as an accessory after the fact to William's felony sexual activity by a substitute parent. In not reporting the abuse she observed first hand, Defendant not only violated a positive statutory duty, but she did so for the purpose of helping the perpetrator escape detection, arrest, or punishment for his crime. Defendant's unlawful omission for the purpose of assisting the perpetrator, as alleged in the indictment, satisfies the elements of the accessory offense.
Defendant was indicted for accessory after the fact for "unlawfully, willfully[,] feloniously [and] knowingly assist[ing] William ... in escaping detection, arrest or punishment by not reporting the incident ... of felony Sexual Activity by a Substitute Parent." The elements of the accessory offense are: "(1) the felony has been committed by the principal; (2) the alleged accessory gave personal assistance to that principal to aid in his escaping detection, arrest, or punishment; and (3) the alleged accessory knew the principal committed the felony." State v. Cousin , 233 N.C. App. 523, 531, 757 S.E.2d 332, 339 (2014) (citations and quotation marks omitted). Here, Defendant is guilty of accessory after the fact if "not reporting the incident ... of felony Sexual Activity by a Substitute Parent" constitutes rendering "personal assistance" to William. The majority holds that it does not because there is no precedent holding that the passive omission of not reporting a crime, as opposed to an affirmative act concealing a crime, satisfies the element of rendering personal assistance. I acknowledge that this is a case of first impression. But the nature of the omission here-not only a crime in itself, but committed for the purpose of protecting the predator-meets the elements of the accessory offense.
"[P]ersonal assistance in any manner so as to aid a felon in escaping arrest or punishment is sufficient to support a conviction as an accessory." State v. Brewington , 179 N.C. App. 772, 776, 635 S.E.2d 512, 516 (2006) (citations omitted) (emphasis in original). In State v. Potter , 221 N.C. 153, 19 S.E.2d 257 (1942), the Supreme Court recognized the following:
[O]ne [is not] an accessory after the fact who, knowing that a crime has been committed, merely fails to give information thereof, nor will the act of a person having knowledge of facts concerning the commission of an offense in falsifying concerning his knowledge ordinarily render him an accessory after the fact. Where, however, the concealment *556 of knowledge of the fact that a crime has been committed, or the giving of false testimony as to the facts is made for the purpose of giving some advantage to the perpetrator of the crime, not on account of fear, and for the fact of the advantage to the accused, the person rendering such aid is an accessory after the fact.
221 N.C. at 156, 19 S.E.2d at 259 (internal citation and quotation marks omitted). Although generally, neither withholding information concerning a crime nor falsely denying knowledge thereof constitutes the unlawful rendering of personal assistance to a felon in and of itself, the Potter decision carved out an exception to this rule. Specifically, Potter held that such conduct may rise to the level of personal assistance as an accessory when done "for the purpose of giving some advantage to the perpetrator of the crime, not on account of fear...." Id. at 156, 19 S.E.2d at 259 (internal *909 citation and quotation marks omitted).
The majority's hesitance to classify an omission as "personal assistance" supporting criminal culpability as an accessory is understandable. Fundamentally, however, the law criminalizes omissions just as well as positive acts. The law also elevates omissions constituting a violation of a legal duty from misdemeanors to felonies in other contexts. Indeed, we have held that such an omission may constitute a separate felony independent of a misdemeanor violation of the statute creating the legal duty to act.
In Wright , 206 N.C. App. 239, 696 S.E.2d 832, the defendant was required by North Carolina election law to disclose all campaign contributions. 206 N.C. App. at 240, 696 S.E.2d at 834. Despite this duty, the defendant failed to disclose $150,350 in campaign contributions and $76,892 in transfers from the campaign to himself. Id. at 240, 696 S.E.2d at 834. When these omissions were brought to his attention, the defendant failed to file amended reports. Id. at 240, 696 S.E.2d at 834. Although the relevant campaign finance statute at the time, N.C. Gen. Stat. § 163-278.27 (2009), made such omissions a misdemeanor, the defendant was instead indicted for and found guilty of felony obstruction of justice. Id. at 244-45, 696 S.E.2d at 836-37. The indictment in Wright alleged that the defendant "fail [ed ] to report the contributions and expenditures," and the judge instructed the jury that the defendant obstructed justice if the defendant "failed to properly report receipt of these campaign contributions[.]" Id. at 246-47, 696 S.E.2d at 838 (emphasis added). This Court upheld the conviction, including elevation of the charge from misdemeanor to felony obstruction of justice under N.C. Gen. Stat. § 14-3(b) (2009). Id. at 245-46, 696 S.E.2d at 837. We rejected the defendant's *557 argument that he should have been charged only with a misdemeanor violation of the campaign finance statute, rather than the more severe crime of felony obstruction of justice, holding that the choice of which charge to bring was within the discretion of the district attorney. Id. at 245, 696 S.E.2d at 837.
As noted by the majority, Defendant had a positive legal duty to disclose the abuse of her daughter pursuant to N.C. Gen. Stat. § 7B-301 (2015), and the statute criminalizes such an omission. I agree that a mere violation of this statute, standing alone, would not constitute the rendering of personal assistance to a felon sufficient to satisfy the elements of accessory after the fact. For example, a teacher who has cause to suspect the abuse of a child by another person but who fails to report it for reasons unrelated to the perpetrator is merely guilty of a misdemeanor under N.C. Gen. Stat. § 7B-301(b), and would not be an accessory. Likewise, a parent who suspects her child has been abused but fails to report it for reasons other than protecting the perpetrator is guilty of the misdemeanor but not the felony accessory offense. This case, by contrast, involves a distinctive and far more pernicious crime of omission.
The State introduced evidence that Defendant witnessed William's abuse of the daughter first-hand and violated her duty to report it for the specific purpose of helping William escape punishment for the very crime she was under a duty to report. When Defendant eventually informed her brother-in-law of the abuse, she told him that reporting it to law enforcement was not necessary because she "was doing everything correctly" and that "involv[ing] anyone else or the authorities ... would cost [Defendant's family] more money and time." When CPS contacted Defendant after her brother-in-law reported the abuse, Defendant categorized the latest report as "more lies from [the daughter]." For months after witnessing the abuse herself, Defendant expressed to both her brother-in-law and the daughter a desire to reunite with William. These facts, when considered in the context of her earlier actions and statements that the investigation "was tearing apart her family and destroying her family and that William was going to go to jail[,]" support a reasonable inference that Defendant avoided reporting the abuse to authorities for the purpose of benefitting William. Finally, the evidence of additional acts committed by Defendant, including destroying the bed linens, although beyond the scope of the indictment, also supports a reasonable inference that her *910 failure to report the abuse to law enforcement was for the purpose of helping her husband escape prosecution. See, e.g., State v. Houston, 169 N.C. App. 367, 372-73, 610 S.E.2d 777, 781-82 (2005) (holding that evidence of other uncharged criminal conduct *558 was properly admitted under Rule 404(b) of the North Carolina Rules of Evidence to show the defendant's intent). Just as this Court held the violation of a statutory duty by omission could constitute an independent felony offense in Wright , I would hold Defendant's violation of N.C. Gen. Stat. § 7B-301(b), done for the purpose of helping William escape detection, arrest, or punishment for abusing their daughter, constitutes "personal assistance in [a] manner sufficient to support a conviction as an accessory." Brewington , 179 N.C. App. at 776, 635 S.E.2d at 516 (citations omitted).
In sum, based on the record evidence, a reasonable jury could find-and this jury did-that Defendant, by not reporting William's abuse of the daughter, violated a positive legal duty "for the purpose of giving some advantage to the perpetrator of the crime" and therefore rendered personal assistance to William as an accessory in violation of N.C. Gen. Stat. § 14-7 (2015). Potter , 221 N.C. at 156, 19 S.E.2d at 258.
C. Conclusion
For the reasons explained, I concur in the majority opinion upholding Defendant's conviction for obstruction of justice by pressuring her daughter to recant the report of abuse and reversing the trial court's denial of Defendant's motion to dismiss the charge of obstruction of justice by denial of access. I respectfully dissent, however, from the majority decision to reverse the trial court's denial of Defendant's motion to dismiss the accessory after the fact charge. Because Defendant violated a positive statutory duty for the purpose of assisting a sexual predator escape prosecution for his crime, I would hold that the State presented sufficient evidence to submit the accessory charge to the jury.